53311. LESLIE, INC. et al. v. SOLOMON et al.

STOLZ, Judge.

Mr. and Mrs. Solomon brought an action in 6 counts against the appellant home improvement company and its agents.

Count 1 sought damages for fraud, by inducing the plaintiffs to enter into a contract for home improvements and execute a security deed to the defendants (which the plaintiffs allegedly did not know would enable the defendants to foreclose on their home), then failing to complete the contract and foreclosing on the security deed.

Count 2 sought the equitable relief of cancellation of the security deed and voiding of the foreclosure sale on account of fraud.

Count 3 sought the equitable relief of setting aside the sale, voiding the deed to the property, and returning the property to the plaintiffs on the ground of lack of official notice of the pending sale.

Count 4 prayed for damages for breach of contract by inadequate workmanship in partially completing the performance under the contract and leaving the premises

in a damaged condition.

Count 5 sought damages in the amount of $125 monthly payments which the plaintiffs had made to the defendants to retain possession of the property because of the defendants' false and fraudulent representations that they held title to the plaintiffs' property and threats to dispossess the plaintiffs, less any sums paid over to the first mortgage holder by the defendants.

Count 6 was for damages for breach of warranty for the defendants' inadequate workmanship.

Upon the trial, verdict and judgment were entered against the defendants for $13,000 general and $1,000 punitive, or exemplary, damages. The defendants' appeal to the Supreme Court of Georgia was transferred to this court.

1. The appellants enumerate as error the trial judge's denial of their motion for judgment n.o.v. or a new trial. They contend that the appellees' claims are barred by the statute of limitation.

Unless the defense of the statute of limitation is pleaded affirmatively by a defendant, it is waived. *Young v. Bozeman,* 229 Ga. 195, 204 (190 SE2d 523) (1972). The affirmative defense may be raised by amendment. *Security Ins. Co. v. Gill,* 141 Ga. App. 324. However, after the entry of a pre-trial order, "[a] party may amend his pleading only by leave of court or by written consent of the adverse party." CPA § 15 (a) (Code Ann. § 81A-115 (a); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). In the instant case, the appellants moved to amend their answer so as to plead the statute of limitation long after the entry of numerous pre-trial orders. The appellees did not consent to the amendment, and, although the judge failed to rule on the appellants' motion to amend, he would have erred had he allowed it.

In considering belated motions to amend pleadings, the trial judge must freely allow amendment "when justice so requires." CPA § 15 (a), supra. In exercising this discretion, the judge should balance possible prejudice to the nonmoving party with the moving party's reason for delay.

The appellees' complaint in the case sub judice was filed in 1970. Almost six years later, the case went to trial.

During those six years, the appellants' discovery from the appellees included requests for admission, interrogatories, and depositions. Yet, the appellants claim that not until the trial occurred did they discover the date at which the statute would have begun to run.

When considering whether "justice so requires" the appellants' amendment, the trial judge would have to take into consideration the six-year period for discovery and the appellants' extensive discovery from the appellees. And, the trial judge would have to consider that the testimony which allegedly caused the appellants to discover their statute of limitation defense was not novel, but was substantially repetitive of the deposition testimony. Thus, the appellants' delay in asserting their defense was inexcusably long, and the trial judge would have abused his discretion to allow the amendment. This enumeration of error is without merit.

2. The appellants contend that the appellees were their tenants under an alleged agreement whereby the appellees were permitted to maintain possession of their home, after its purchase by the appellants at a foreclosure sale, by making a series of installment payments to the appellants (which payments appellants contend were rent). The appellants further contend that the appellees, as their tenants, are estopped to dispute the appellants' title by the provisions of Code § 61-107, viz.: The tenant may not dispute his landlord's title nor attorn to another claimant while in possession.

"The rule is well settled that where a vendee acquires possession of land under a contract to purchase, he can not, while he remains in possession, dispute the title of his vendor. . ." *Yerby v. Gilham,* 147 Ga. 342, 343 (94 SE 246) (1917). In the present case, however, the appellees were already in possession of the land, claiming it as their own, claiming non est factum as to the security deed upon which the appellants' asserted possession as landlord was based. "No reason appears why one already in possession of land, and claiming it as his own, may not fortify his title, or buy his peace of adverse claimants, as often as they may appear, and without being estopped to deny the title of such subsequent vendors." *Yerby v. Gilham,* supra, p. 343 and cits.

The jury's finding for the plaintiffs meant that the parties were not in a landlord-tenant relationship and that the payments made were not rent payments, under the trial judge's charge, "if you find the relationship of landlord and tenant to have existed, then you would return the verdict for the defendant because the claim of the plaintiffs as to the fraudulent conveyance would no longer lie." Enumerated error 2 is without merit.

3. The judgment was not erroneous for the contended reason that the plaintiffs had made no tender of amounts admitted to be due. No such tender was required here where total failure of consideration was alleged and relied on. Cf. *I. D. S. Homes Corp. v. Lucas,* 228 Ga. 521 (186 SE2d 745) (1972). Furthermore, the judgment did not award the equitable relief sought — the setting aside of the foreclosure sale, the jury having merely awarded money damages for the wrongful foreclosure. Enumerated error 3 is without merit.

4. The court's charge to the jury was correctly adjusted to the evidence and the law, and the requests to charge which were denied were all either inapplicable to the case or covered elsewhere in the charge. Enumerated error 4 is without merit.

5. Enumerated error 5 is the court's permitting the plaintiffs-appellees to amend their complaint at the conclusion of their case, so as to add a claim for damages for the alleged wrongful foreclosure of the deed. It is urged that the plaintiffs were required to have made an election of remedies between that sought by the amendment to the complaint and the equitable remedy sought by the original complaint, viz., setting aside the wrongful foreclosure.

"A party may . . . state as many separate claims . . . as he has regardless of consistency and whether based on legal or on equitable grounds or on both." Code Ann. § 81A-108 (e) (2) (Ga. L. 1966, pp. 609, 619; as amended, Ga. L. 1976, pp. 1047, 1048). After the entry of a pre-trial order, a "party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). "When issues not raised by the

pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; . . ." Code Ann. § 81A-115, supra, (b). Subject to the above, then, "a plaintiff may sue on one theory and recover on another." *Hall v. Westmoreland, Hall & Bryan,* 126 Ga. App. 335 (1) (190 SE2d 631) (1972) and cits.

Here, the trial judge properly allowed the amendment to conform the complaint to unobjected-to evidence that the property in question was beyond the reach of the parties as a result of the defendants' acts, thus entitling the plaintiffs to recover the value of the property, rather than the property itself.

An election between inconsistent remedies, where necessary, can be made at any time after the verdict and prior to entry of judgment. *UIV Corp. v. Oswald,* 139 Ga. App. 697 (229 SE2d 512) (1976). Such an election was unnecessary in the present case, however, because the jury returned a verdict based upon only one theory — that of damages for wrongful foreclosure, raised by the amended complaint. Enumerated error 5 is, therefore, without merit.

6. Under the theory raised by the amended complaint, the plaintiffs were entitled to recover for the value of their home in an amount within the range up to the highest proved amount, or $21,000. The verdict in the amount of $18,000 was within that range, hence the verdict and judgment in that amount were not excessive. Enumerated error 6 is without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 25, 1977— REHEARING DENIED MARCH 25, 1977 —

*Alford Wall, Charles B. Rice,* for appellants.
*Gilbert & Blum, Fred Gilbert, Kenneth Doss,* for appellees.