## 54501. PATTERSON v. DURON PAINTS OF GEORGIA, INC.

BANKE, Judge.

The appellee, Duron Paints of Georgia, Inc., sued the appellant, R. E. Patterson, to recover on an unpaid account. The appellee also sought to recover his attorney fees. The jury returned a verdict for appellee on both counts, and judgment was entered thereon. Appellant appeals the denial of his alternative motions for judgment notwithstanding the verdict and new trial.

The appellant operated a painting company known as the R. E. Patterson Painting Co. In February 1974 Ernie Davis, appellant's son-in-law and manager of the company, opened a charge account with appellee under the name of R. E. Patterson Paint Co. All invoices were charged under that name, and appellee received checks drawn on the account of R. E. Patterson Paint Co., Inc. in partial payment. When appellee was unable to obtain payment of the balance of the account, he filed this suit. The appellant refused to pay, claiming that the account was a corporate debt, that Davis had no authority to open an individual account for him, and that he was not individually liable. Appellee maintains that it was never informed that the business was incorporated and that it had at all times considered the account to be an individual account for appellant.

1. In his first enumeration of error, appellant contends that the trial judge should have dismissed the complaint against him because suit was brought by an improper party. Specifically, appellee sued under the name of Duron Paints of Georgia, Inc., while records on file with the Secretary of State show that appellee's correct name is Duron, Inc.

(a) In order to raise an issue as to the plaintiff's capacity to sue, it is incumbent upon the defendant to set forth his defense by specific negative averment including all facts known to him bearing on the plaintiff's lack of

capacity. Code Ann. § 81A-109 (a). The appellant failed to include any such averment in his answer to appellant's complaint. See *Davis v. Ben O'Callaghan Co.,* 139 Ga. App. 22 (1e) (227 SE2d 837) (1976). Appellant's failure to raise the issue of appellee's capacity to sue in his answer did not automatically bar him from raising his objection at trial. We stated in *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (194 SE2d 269) (1972) that waiver occurs only when the defendant fails to raise the issue (of capacity) ". . . anytime before judgment." See also *Brannon v. Whisenant,* 138 Ga. App. 627 (1) (227 SE2d 91) (1976). See generally *Smith v. Commissioners of Roads & Revenue of Glynn County,* 198 Ga. 322 (31 SE2d 648) (1944).

We construe appellant's motion to dismiss for improper parties as having been, in effect, an attempt to amend his answer to raise the issue of capacity. See generally *Midtown Properties, Inc. v. George F. Richardson, Inc.,* 139 Ga. App. 182 (6) (228 SE2d 303) (1976). Therefore, in the absence of appellee's consent, permission for appellant to amend his pleading was within the discretion of the trial judge. "In considering belated motions to amend pleadings, the trial judge must freely allow amendment 'when justice so requires.' CPA § 15 (a), supra. In exercising this discretion, the judge should balance possible prejudice to the nonmoving party with the moving party's reason for delay." *Leslie, Inc. v. Solomon,* 141 Ga. App. 673, 674 (234 SE2d 104) (1977).

The chronology of proceedings in this case shows that appellee filed suit against appellant on June 9, 1975, and that the case came up for trial on October 14, 1976. In the intervening 16 months, appellee conducted extensive discovery including the taking of depositions and the filing of a request for appellant to produce certain documents. Also during this period, the appellant moved to dismiss the suit since it involved a corporate rather than an individual debt; moved to strike appellee's claim for attorney fees; and moved for summary judgment. At no time has appellant explained his reasons for waiting until after trial had begun (three of the four witnesses called to appear had testified) to inform the court that appellee, as nominated on the complaint, was neither a properly

chartered domestic corporation nor a foreign corporation qualified to do business in Georgia.

"Mere delay in seeking leave to amend is not a sufficient reason for its denial." *MCG Development Corp. v. Bick Realty Co.,* 140 Ga. App. 41, 43 (230 SE2d 26) (1976). However, it cannot be said that the trial judge, in balancing appellant's unexplained delay with the possible prejudicial effects on appellee who had already been required to defend three pre-trial attacks on the merits of his claim, abused his discretion by denying appellant's attempt to amend. See *Leslie, Inc. v. Solomon,* supra. Although appellee never corrected the defect in its complaint, the suit having proceeded to verdict and judgment is now secure from collateral attack by the parties. See *Haynes v. Armour Fertilizer Works,* 146 Ga. 832 (92 SE 648) (1917); *Smith v. Commissioners of Roads & Revenue of Glynn County,* supra.

(b) The appellant is mistaken in arguing that the error in the listing of appellee's name was an un-amendable defect and that the judgment against him is therefore void. As we explained in *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 685 (188 SE2d 901) (1972), "What is prohibited is amending to change from the party first named to the party intended to be named *where the party first named does in fact exist.* In such case the amendment does amount to the addition of a new party or a change of parties. (Cit.)" Here, the misnomer could have been corrected by amendment since no corporation existed under the name of Duron Paints of Georgia, Inc.

This enumeration of error is without merit.

2. In his second enumeration appellant alleges that the trial judge erred in denying his motion for directed verdict since the unpaid account was clearly a debt of the corporation.

A directed verdict is appropriate only when there is no conflict in the evidence as to any material issue so that the verdict is demanded since there is only one reasonable interpretation of the evidence. Code Ann. §§ 110-104, 81A-150 (a). Here the corporate status of R. E. Patterson Paint Co. was in conflict. Appellant introduced a letter from the Secretary of State certifying that the company had obtained a corporate charter in 1968. Appellee, on the

other hand, argued that appellant had failed to organize the corporation properly once he had obtained the charter so that it was not a valid legal entity. Appellee relied on the facts that appellant testified that he was the only officer in the corporation (even though Code Ann. § 22-711 (a) says a corporation must have three officers); that he failed to produce certain corporate records when his deposition was taken before trial even though appellee had requested that such documents be produced; and that the alleged corporation paid no corporate taxes for three years prior to the time the account with appellee was opened.

The appellant also argued that appellee was on notice that he was dealing with a corporate entity since he received payments on checks which indicated the company was incorporated. No other evidence was introduced to show appellee knew of the company's (allegedly) incorporated status. See in comparison *Lamas v. Baldwin,* 140 Ga. App. 37 (230 SE2d 13) (1976).

The gravamen of this suit was the existence or not of a corporate entity, and the judge properly left resolution of this issue to the jury.

3. Appellant alleges that the judge's instructions to the jury that a corporation has a duty to reveal its corporate status to persons with whom it is dealing and that the obtaining of a corporate charter does not ipso facto create a valid legal entity were improper, biased, and contrary to the law and evidence. These charges were correct statements of the law; and we are unable to consider this allegation of error since the appellant neither objected to the charges at trial nor introduced any evidence of gross injustice to him which was attributable to the giving of these charges. See Code Ann. § 70-207(a)(c); *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383) (1966); *Durrett v. Farrar,* 130 Ga. App. 298 (8) (203 SE2d 265) (1973).

4. The appellant moved for judgment notwithstanding the verdict when the jury returned a verdict for appellee. He admits that Ernie Davis was authorized to open an account with appellee for his business, but denies that Davis was authorized to open an individual account for him. Appellee showed that Davis

never revealed that R. E. Patterson Paint Co. was a corporation and that he in fact represented to appellee's employee that the account was an individual account for appellant.

The fallacy in appellant's argument is that the evidence presented at trial provided sufficient support for a jury finding that the business was not a valid corporate entity. Under this view of the evidence there is no doubt but that appellant was bound by the purchases of his agent. See Code Ann. § 4-101. In reviewing judgments on appeal, we adopt that view of the evidence which most supports the jury's verdict and the judgment entered thereon by the trial judge. See *Daniels v. Hartley,* 120 Ga. App. 294 (170 SE2d 315) (1969); *Mathis-Akins Concrete Block Co. v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604) (1972).

There is no merit in this enumeration of error.

5. The trial judge did not err in denying appellant's motion for new trial. See Divisions 1—4 of this opinion, supra.

6. The appellant contends that the trial judge erred in failing to strike that portion of the judgment awarding expenses of litigation, including attorney fees, to appellee in that there was no evidence of his stubborn litigiousness or bad faith. The evidence presented at trial provided ample support for a jury finding that the appellant had acted in bad faith in that there was no bona fide controversy as to his liability on the debt. See *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317) (1972). This enumeration of error is accordingly without merit.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED NOVEMBER 23, 1977.

*Cunningham & Clarke, Brian W. Wertheim, T. Henry Clarke, IV,* for appellant.
*John Genins,* for appellee.