68599. HICKOX v. DuBOSE.
(321 SE2d 789)

POPE, Judge.

Appellee Sam DuBose brought an action against appellant Jimmy Hickox seeking contribution from Hickox as co-indorser on several promissory notes. A jury verdict in the amount of $11,773.24 was returned in favor of DuBose. Hickox now appeals alleging that the trial court erred in not allowing him to amend the pre-trial order to affirmatively plead the defense of the statute of limitation and in not directing a verdict based upon the statute of limitation.

The record shows that copies of the notes upon which suit was based were attached to the complaint. Hickox's answer did not affirmatively plead the defense of the statute of limitation. Approximately four months after his answer was filed, Hickox's original counsel was elected judge and took up duties on the bench; Hickox then retained present counsel. Nearly nine months later, the court entered a pre-trial order. The pre-trial order did not set out any affirmative defense

by Hickox. Two weeks later, on the morning trial was to begin, Hickox filed a motion to amend the pre-trial order to affirmatively plead the statute of limitation. The court denied the motion. Hickox made no discovery during the year the case was pending trial. *Held*:

"Unless the defense of the statute of limitation is pleaded affirmatively by a defendant, it is waived. [Cit.] The affirmative defense may be raised by amendment. [Cit.] However, after the entry of a pre-trial order, '(a) party may amend his pleading only by leave of court or by written consent of the adverse party.' [Cit.]" *Leslie, Inc. v. Solomon*, 141 Ga. App. 673, 674 (234 SE2d 104) (1977). Accord *Gaul v. Kennedy*, 246 Ga. 290 (1) (271 SE2d 196) (1980). "In considering belated motions to amend pleadings, the trial judge must freely allow amendment 'when justice so requires.' [Cit.] In exercising this discretion, the judge should balance possible prejudice to the non-moving party with the moving party's reason for delay." *Leslie, Inc. v. Solomon*, supra at 674.

Counsel for Hickox argues that there is nothing on the face of the complaint or the exhibits thereto to indicate that a statute of limitation defense was available. However, we note that the first note attached to the complaint has stamped upon its face "PAID 4-16-74." Counsel argues that it was assumed that this note was paid in the course of the business and would not be subject to the defense. Nonetheless, from the fact that the complaint rested at least in part on this note, and others which also seemed to have been paid outside the period of limitation, one should at least have a suspicion that a statute of limitation defense existed. Hickox argues that denying him leave to amend and assert the statute of limitation imposes a duty of discovery upon litigants, thus imposing burdensome expense upon litigants. We cannot agree. The Civil Practice Act provides several means of discovery; the use of interrogatories and requests for admission are relatively inexpensive means to discover facts which could lead to the assertion of affirmative defenses provided by law. Nor does the denial of leave to amend on the eve of trial exalt a policy of the court above the rights of an individual. The defense of the statute of limitation is a privilege. See *Stone v. Green*, 163 Ga. App. 18 (2) (293 SE2d 506) (1982). The facts of the case show that Hickox had ample time and opportunity before the entry of the pre-trial order to avail himself of the privilege but failed to do so. We find no abuse of discretion by the trial court in enforcing the pre-trial order. See *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 4911, 493-495 (313 SE2d 709) (1984).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Jimmy J. Boatright*, for appellant.

*Jeffrey S. Parker*, for appellee.