69574. UNGER v. BRYANT EQUIPMENT SALES
& SERVICES, INC. et al.
(326 SE2d 483)

DEEN, Presiding Judge.

In the winter of 1982 appellant Douglas Unger, a Sumter County

dairy farmer, purchased a computerized feeding system manufactured by appellee Farmtronix, a Wyoming firm, from appellee Bryant Equipment Sales and Services, Inc. (Bryant), a Harris County dealer authorized to sell Farmtronix products. In April 1982 Bryant installed the system, which worked satisfactorily for some three weeks and then began to malfunction to such an extent that a large percentage of the dairy herd had to be fed by hand. After considerable effort by Unger, Bryant, and others, the trouble was diagnosed as resulting from irregular voltage supply. Appellee Sumter Electrical Membership Corp. (Sumter) worked on the problem and by September of that year had apparently rectified it.

A few months later, in May 1983, further malfunctions occurred, rendering the system inoperable for various periods of time. Several experts, including Sumter engineering personnel, Bryant service personnel, and independent consultants, concluded that the 1982 and 1983 malfunctions were attributable to either improper voltage or a defect in the Farmtronix system. Farmtronix, with whom Bryant and Unger had been in touch during both the 1982 and 1983 malfunctions, ultimately sent its service manager, who investigated and was of the opinion that faulty installation lay at the root of the problem. During the investigations of both series of malfunctions, a number of system components were replaced at no charge to Unger: wires, circuit boards, and finally the computer itself were among the items replaced, and several alterations were made in specific aspects of the installation.

In the meantime, Unger had brought a negligence action against Sumter in the Superior Court of Sumter County, and Farmtronix and Bryant were subsequently added as parties defendant. Unger alleged that the latter two defendants were joint tortfeasors with Sumter and charged them with negligence, breach of express warranty, breach of implied warranty of fitness, and breach of implied warranty of merchantability. Bryant moved to dismiss for improper venue, and Farmtronix moved for summary judgment on the same ground, also requesting a preliminary hearing on the venue issue. The trial court ruled that neither Farmtronix nor Bryant was a joint tortfeasor with Sumter, and that venue was improper on the breach of warranty claims. Unger appeals from this judgment, enumerating as error the trial court's award of summary judgment to appellees. *Held*:

Thorough examination of the extensive record in the instant case persuades us that under established principles of law, all the injuries allegedly caused by appellees Bryant and Farmtronix must be characterized as having resulted from a breach of duties imposed by contract. Unless an injury is alleged which occurs independently of any injury allegedly arising from a breach of contract, then a tort action will not lie. OCGA § 51-1-1; *Long v. Jim Letts Oldsmobile*, 135 Ga.

App. 293 (217 SE2d 602) (1975); *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363 (203 SE2d 587) (1973); *Deacon v. Deacon*, 122 Ga. App. 513 (177 SE2d 719) (1970). See also *Mauldin v. Sheffer*, 113 Ga. App. 874 (150 SE2d 150) (1966); *Kaiser Aluminum &c. Corp. v. Ingersoll-Rand Co.*, 519 FSupp. 60 (S.D. Ga. 1981). Appellant has shown no such independent injury. Moreover, although appellant testified on deposition that he had encountered financial difficulties because of diminished income resulting from decreased milk production, the losses he has shown are economic losses rather than physical injury to person or property. See *Long v. Jim Letts Oldsmobile*, supra; *Kaiser Aluminum &c. Corp. v. Ingersoll-Rand Co.*, supra. Thus any action by appellant against Bryant and Farmtronix would sound in contract rather than in tort. Therefore, neither Bryant nor Farmtronix can properly be classified as a tortfeasor jointly liable with Sumter.

OCGA § 9-10-31 provides that "[j]oint or joint and several obligors or promisors, or joint contractors, or copartners, residing in different counties, may be subject to an action as such in the same action in any county in which one or more of the defendants reside." We have held, supra, that neither Bryant nor Farmtronix is a joint tortfeasor with Sumter, and scrutiny of the facts of the case at bar reveals that whatever contractual relationships exist between appellant and these two appellees are quite separate from, and independent of, any relationship that may exist between appellant and Sumter. Moreover, there is no allegation that Bryant or Farmtronix is a joint obligor or promisor, or co-partner with Sumter. Thus as regards Bryant, venue does not properly lie in Sumter County but rather in Bryant's county of residence; i.e., Harris County.

Georgia's Long Arm Statute, OCGA § 9-10-91, grants personal jurisdiction "over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state . . ." OCGA § 9-10-93 places "[v]enue in cases under this article . . . in any county wherein the business was transacted . . ." Under the facts of the instant case, we need not inquire whether "minimum contacts" and related jurisdictional requirements have been met. See, e.g., *Shellenberger v. Tanner*, 138 Ga. App. 399 (227 SE2d 266) (1976); *Manton v. Calif. Sports*, 493 FSupp. 496 (N.D. Ga. 1980). It is undisputed that Bryant was Farmtronix' agent, and that Bryant was and is a resident of Harris County. The transaction of business which might give Georgia's courts personal jurisdiction of Farmtronix occurred in Harris County, not Sumter County. The trial court should properly have ordered that the case as against appellees Bryant and Farmtronix be transferred to the Superior Court of Harris County.

Constitution of Georgia, Art. VI, Sec. I, Par. VIII. This case must therefore be remanded to the trial court for compliance with this constitutional directive.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1985 —
REHEARING DENIED JANUARY 29, 1985 —

Kenneth M. Henson, Jr., Millard Fuller, for appellant.
William A. Erwin, John W. Denney, William E. Smith, for appellees.