## 42049. UNGER v. BRYANT EQUIPMENT SALES & SERVICES, INC. et al.

### (335 SE2d 109)

SMITH, Justice.

This case comes to us by way of certiorari from the Court of Appeals and the facts of the case may be found in more detail in *Unger v. Bryant Equipment Sales &c., Inc.*, 173 Ga. App. 364 (326 SE2d 483) (1985). The appellant, Doug Unger, is a Sumter County dairy farmer who leased/purchased a computerized feeding system to feed his cows. It was manufactured by Farmtronix, a Wyoming firm, and was sold and installed by Bryant Equipment, a Harris County dealer authorized to sell and install Farmtronix products.[1] Bryant installed the system on Unger's farm and it malfunctioned.

Unger filed a complaint alleging, among other things, that; 1) Sumter EMC was negligent in selling and supplying him with electricity at an irregular and improper voltage level; 2) Bryant negligently and improperly installed and serviced the system; 3) Farmtronix negligently and improperly assisted Bryant in installing and servicing the system; 4) As a result of the concurring negligence of Sumter, Bryant, and Farmtronix, the system broke down and malfunctioned and adversely affected his dairy cows. Unger also alleged breach of express warranty and breach of implied warranties of merchantability and fitness. Bryant moved to dismiss for improper venue. Farmtronix moved for summary judgment on the same ground, and requested a preliminary hearing on the venue issue. The trial court held that neither Bryant nor Farmtronix was a joint tortfeasor with Sumter EMC[2] and that venue was improper in Sumter County on the breach of warranty claims. The Court of Appeals generally agreed with the trial court's reasoning, but reversed the grant of summary judgment and ordered the case against Bryant and Farmtronix to be transferred to Harris County. We disagree with both the trial court and the Court of Appeals and reverse.

In granting the application for certiorari we were concerned with two questions: 1) Whether Farmtronix and Bryant could be joined as joint tortfeasors under the facts of the case; and 2) Whether venue was proper in Sumter County under the principle of "transacting business" within the county, OCGA § 9-10-93. We find that the answer to each question is yes.

---

[1] Bryant had a written distributorship agreement with Farmtronix, and he spent three days in Wyoming at a Farmtronix' training school learning how to install the system.

[2] Farmtronix is a joint venture headquartered in Wyoming, and does not have an office or place of business in Georgia. Bryant Equipment Sales and Services, Inc. is a Georgia Corporation with its sole place of business and principal office in Harris County. Sumter EMC is an electrical membership corporation transacting business and maintaining an office in Americus, Sumter County, Georgia.

1. The cases relied upon by Farmtronix, Bryant, and the Court of Appeals regarding "economic loss" versus "physical damage to person or property," *Long v. Jim Letts Oldsmobile, Inc.*, 135 Ga. App. 293 (217 SE2d 602) (1975), and *Kaiser Aluminum &c. Corp. v. Ingersoll-Rand Co.*, 519 FSupp. 60 (SD Ga. 1981), were concerned with products that were defective. There is nothing in Unger's complaint that indicates that the system itself was defective. He asserted only that the negligent installation and servicing of the system caused the system to break down and malfunction. The "economic loss" versus "physical damage" dichotomy that is used in products liability cases can find no application in this case. The question here is whether the appellant has asserted "a claim in tort which does not arise from the contract, but is independent of it." *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 148 (281 SE2d 586) (1981).

Although a tort is the unlawful violation of a private legal right other than a mere breach of contract, OCGA § 51-1-1, private duties may arise from relations created by contract, and the violation of a private duty accompanied by damage shall give a right of action. OCGA § 51-1-8. The Court of Appeals found that the injuries allegedly caused by Bryant and Farmtronix resulted from a breach of duties imposed by contract. We do not agree. "[I]ndependently of any duty under the contract, the law imposed upon the [appellees] the duty not to negligently and wrongfully injure and damage the property of [the appellant]." *Monroe v. Guess*, 41 Ga. App. 697, 700 (154 SE 301) (1930); *E & M Constr. Co., Inc. v. Bob*, 115 Ga. App. 127 (153 SE2d 641) (1967). See also *Sheppard v. Yara Engineering Corp.*, supra. Unger alleged that the combined negligence of Sumter, Bryant, and Farmtronix injured his property, i.e., the system he had just leased/purchased and his cows.

The alleged acts of negligence combined to produce a single indivisible injury, and a rational basis does not exist for an apportionment of the damages, thus we find under the facts of this case that the three may be joined as joint tortfeasors, *Johnson v. Landing*, 157 Ga. App. 313, 317 (277 SE2d 307) (1981), and venue is proper in Sumter County. Ga. Const., Art. VI, Sec. II, Par. IV.

2. Farmtronix persuasively argued that because it sells its products to its distributors, it only transacts business where its distributors are located. It asserted that it never dealt directly with Unger, thus it only transacted business in Harris County where it sold the system to Bryant, and venue thus lies in Harris County. We cannot agree.

As Farmtronix stated, "Warranty is a matter of contract." There were two express warranties provided by Farmtronix, and the warranties were between Farmtronix and Unger. One was a standard six-month warranty available to all purchasers. The other was an ex-

tended twelve-month warranty that was only available to Unger upon payment of an additional $600 at the time of purchase. The six-month warranty was effective as of the date of installation in Sumter County. Farmtronix limited the terms of its acceptance of the twelve-month warranty by stating that "The acceptance of all maintenance agreements is at FARMTRONIX' discretion," and "service commences upon FARMTRONIX acceptance and the payment of the charges by the buyer." Unger paid an additional $600 at the time of the lease/purchase for the extended warranty. Farmtronix obviously "accepted" as, "a number of system components were replaced at no charge to Unger: wires, circuit boards, and finally [the service manager from Farmtronix came to Unger's farm and replaced] the computer itself . . ., and [he made] several alterations . . . in specific aspects of the installation." *Unger*, at 365.

Farmtronix transacted business in Sumter County when it accepted Unger's $600 for the extended warranty on the system that was installed in Sumter County. It continued to transact business within the county by sending new components into Sumter County through Bryant who was expressly authorized to act on Farmtronix' warranty obligations, and finally by sending its service manager to the Unger farm to correct the problem.

*Judgment reversed. All the Justices concur, except Hill, C. J., and Weltner, J., who concur in the judgment only. Marshall, P. J., disqualified.*

DECIDED OCTOBER 2, 1985 —
RECONSIDERATION DENIED OCTOBER 22, 1985.

*Henson & Henson, Kenneth M. Henson, Fuller & McFarland, Millard D. Fuller*, for appellant.
*William A. Erwin, William E. Smith*, for appellees.