A99A2380. ROWE et al. v. AKIN & FLANDERS, INC. et al.
A99A2381. AKIN & FLANDERS, INC. v. ROWE DEVELOPMENT CORPORATION et al.
(525 SE2d 123)

McMurray, Presiding Judge.

Plaintiffs Rowe Development Corporation (RDC) and its sole shareholder, David C. Rowe, Jr., brought this action for damages against the corporate defendants Akin & Flanders, Inc. (A&F) and Flanders Construction, Inc. (FCI), alleging first that plaintiffs' predecessor in interest, the partnership Akin, Flanders & Rowe (the partnership), entered into a contract with defendant A&F and, through A&F, with defendant FCI, to prepare and pave the parking area at Butler Creek Shopping Center in Kennesaw (the Butler Creek property), but that defendants failed to perform to the contract's specifications in a workmanlike manner such that a portion of the parking area has deteriorated and collapsed. For this breach of contract,

plaintiffs sought the costs to cure. Count 2 alleged that defendants negligently performed paving and associated work on real property owned by plaintiff Rowe and managed by plaintiff RDC. Plaintiffs also unsuccessfully sought permission to amend the complaint to add a third count, alleging fraud. Defendant FCI denied all material allegations. Defendant A&F admitted only that it entered into a contract to prepare and pave the parking lot at the Butler Creek property but contended that plaintiffs had no standing to pursue this action because they are not the real parties in interest. After discovery, defendants filed separate motions for summary judgment. Viewed in the light most favorable to plaintiffs as nonmovants, the largely undisputed evidence authorizes the following facts:

In 1979, plaintiff Rowe, along with L. Judson Akin and Frank B. Flanders, Jr., formed the partnership primarily to develop supermarket-anchored neighborhood shopping centers. Rowe would work full-time to find locations and negotiate land deals, and Akin and Flanders were the developing contractors. Each partner had a "one-third interest in each shopping center." In June 1988, the partners agreed that Rowe could represent himself but that each partner retained the option to develop as Akin, Flanders & Rowe, in which event A&F would receive a construction fee and Rowe would receive a development fee. In April 1990, the partnership as owner[1] contracted with A&F as general contractor to develop the Butler Creek property. FCI subcontracted to do the grading and paving. In May 1990, the partnership formally became the record owner of the Butler Creek property. In January 1991, Rowe, Akin, and Flanders formally agreed between themselves upon a distribution of partnership assets upon Rowe's withdrawal from the partnership, whereby Rowe would be granted the Butler Creek property, plus some other assets. But throughout the entire development, from bids on the subcontract to change orders, it was clearly understood that "we [A&F and FCI] were the contractors, he [Rowe] was the developer, he was taking all of the chances on this deal, renting and all, and once it was completed it would be given totally to him."

FCI moved for summary judgment on the ground that the "economic loss rule" foreclosed a separate tort action and there was no privity of contract between FCI as subcontractor and plaintiffs to support the claimed breach. In a one-sentence order, this motion was granted. The trial court subsequently granted A&F's motion for summary judgment as to plaintiffs' negligence claim and the contractual claim that plaintiffs were third-party beneficiaries but denied sum-

---

[1] The parties recognized that, at the time the construction contract was executed by the partnership and A&F, the record owner of the Butler Creek property was Ronald S. Leventhal, who authorized and consented to the work.

mary judgment for plaintiffs' breach of contract claim against A&F. Plaintiffs' request to amend the complaint (after entry of the pre-trial order) to allege fraud against A&F based on supplemental events was also denied. In Case No. A99A2380, plaintiffs contend they are third-party beneficiaries to the paving contract; the economic loss rule does not apply to a negligent construction claim; and the trial court abused its discretion in refusing permission to amend the complaint. In Case No. A99A2381, defendant A&F cross-appeals, enumerating the denial of its motion for summary judgment as to plaintiffs' breach of contract claim. *Held*:

## Case No. A99A2380

1. *Privity of Contract with FCI.* We agree with the trial court that neither Rowe nor RDC had privity of contract with defendant FCI. Yet Rowe, as the intended (and ultimate) owner of the real property at issue, clearly is a real party in interest under the theory that he was a third-party beneficiary of the paving subcontract.

"The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." OCGA § 9-2-20 (b).

> In order for a third party to have standing to enforce a contract under [OCGA § 9-2-20 (b),] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit [incidentally] from performance of the agreement is not alone sufficient. [Cits.]

*Backus v. Chilivis*, 236 Ga. 500, 502 (II) (224 SE2d 370). "There must be a promise by the promisor to the promisee to render some performance to a third person[,] and it must appear that both the promisor and the promisee intended that the third person should be the beneficiary. [Cits.]" *Southeast Grading v. City of Atlanta*, 172 Ga. App. 798, 800 (1) (324 SE2d 776). Without doubt, the promisor subcontractor in this case promised to perform a valuable service to the owner of the Butler Creek property. Although the general development contract indicated the partnership was then the owner, the uncontradicted deposition testimony of Frank B. Flanders, Jr. is that the contracting parties, A&F and FCI, treated plaintiff Rowe as the owner, because the individual partners had already agreed Rowe would take the Butler Creek property to dissolve the partnership and would incur all the risks of development. This intention was ratified when plaintiff Rowe took the property and all its appurtenances, as grantee under a limited warranty deed executed under seal from the partnership of Akin, Flanders & Rowe, of which Rowe was then an equal partner. Thus, summary judgment in favor of FCI cannot be

sustained on the ground that no plaintiff has standing to enforce the paving subcontract.

2. *Negligent Construction.* The trial court erred in granting summary judgment to either defendant as to plaintiffs' negligent construction claim on the basis of the so-called "economic loss" rule.

> [A] negligent construction claim arises not from a breach of contract claim but from breach of a duty implied by law to perform the work in accordance with industry standards. [Cits.] This cause of action arises in tort and exists independently of any claim for breach of contract. [Cit.] Thus, [plaintiffs are] entitled to pursue these . . . remedies [arising out of] the same transaction until [they obtain complete] satisfaction. See OCGA § 9-2-4[.] [Cit.]

*Fussell v. Carl E. Jones Dev. Co.,* 207 Ga. App. 521, 522 (1) (a) (428 SE2d 426).

> The "economic loss" versus "physical damage" dichotomy that is used in products liability cases can find no application in this [negligent construction] case. . . . "(I)ndependently of any duty under the [paving] contract, the law imposed upon [both the general contractor, defendant A&F, and its subcontractor, defendant FCI,] the duty not to negligently and wrongfully injure and damage the property of [the owner, Rowe]." [Cits.]

*Unger v. Bryant Equip. Sales &c.,* 255 Ga. 53, 54 (1) (335 SE2d 109).

3. Almost four years after commencement of this action, present counsel for plaintiffs was substituted for original counsel. Unbeknownst to new counsel, a consolidated pre-trial order had been entered by the trial court some six weeks before. The third enumeration contends the trial court abused its discretion in refusing plaintiffs permission to amend the complaint to add a count alleging fraud, after the entry of the pre-trial order, based upon facts uncovered during plaintiffs' efforts to cure the damages to the parking lot. Defendants do not address this enumeration in their responsive brief.

"Amendment is a resource against waste." *Ellison v. Ga. R. Co.,* 87 Ga. 691, 697 (2) (13 SE 809). After the entry of the pre-trial order, a party may amend his pleading "only by leave of court or by written consent of the adverse party. Leave [to amend] shall be freely given when justice so requires." OCGA § 9-11-15 (a). Thus, "[u]nder the Civil Practice Act, amendments [even] after the pre-trial order are to be liberally granted by the court as justice requires." *Midtown Properties v. George F. Richardson, Inc.,* 139 Ga. App. 182, 187 (6)

(228 SE2d 303). In exercising its discretion, the trial court must balance possible unfair prejudice to the nonmoving party with the movant's reasons for delay. *Leslie, Inc. v. Solomon*, 141 Ga. App. 673, 674 (1) (234 SE2d 104). But mere delay in seeking leave to amend is not a sufficient reason for its denial. *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41, 43 (2) (230 SE2d 26). Accord *Patterson v. Duron Paints of Ga.*,144 Ga. App. 123, 125 (1) (a) (240 SE2d 603).

In this case, the trial court considered plaintiffs' delay but erroneously put the onus on movants to show an amendment was necessary to *prevent* a manifest *injustice*. This is an incomplete exercise of judicial discretion, based on an erroneous theory of law. Accordingly, the "right for any reason" rule cannot ratify the result. *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360); *Lowance v. Dempsey*, 99 Ga. App. 592, 595 (2) (109 SE2d 318), cited with approval in *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (1) (189 SE2d 66). Therefore, we vacate the denial of plaintiffs' motion to amend the complaint and remand to the trial court with direction to reconsider that motion, under the proper balancing test noted above.

### Case No. A99A2381

4. For the reasons discussed in Division 1, the trial court correctly denied cross-appellant A&F's motion for summary judgment as to plaintiffs' contract claim against it. Rowe is a third-party beneficiary under the general development contract because the parties intended for him to be the owner, and so the ultimate beneficiary of the improvements to the realty. Therefore, Rowe has standing to enforce the development contract against A&F, the promisor general contractor.

*Judgment affirmed in Case No. A99A2381. Judgment reversed in part and vacated in part in Case No. A99A2380. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 10, 1999.

*Richelo, Morrissey & Toler, Brian J. Morrissey*, for appellants.
*Misner, Scott & Grate, Neal C. Scott, Allison B. Lawler*, for appellees.