## A00A2411. DRIGGERS v. CAMPBELL.
(543 SE2d 787)

ELDRIDGE, Judge.

Appellant-plaintiff Wade Driggers d/b/a Falcon Construction Company brought the instant damages action against appellee-defendant Julia A. Campbell, for breach of contract as to renovation work done on her Savannah home. The plaintiff sought damages in the amount of $146,375, the balance due on a $186,375 renovation contract the defendant signed on December 13, 1997 ("December 13 contract").[1] The defendant timely filed her answer averring, among

---

other things, that the December 13 contract was unenforceable as supported only by past consideration. Following a hearing on cross-motions for summary judgment, the superior court issued its order denying each of the parties summary judgment, finding that jury issues remained as to: (1) whether the December 13 contract was supported by consideration adequate to create an enforceable agreement; and (2) if not, whether there should be recovery in quantum meruit. Upon the trial of the case, the jury returned its verdict finding the December 13 contract to be an invalid contract and awarded quantum meruit damages in the amount of $16,482. The plaintiff now appeals the judgment of the superior court entered upon the jury's verdict, contending that the superior court erred in: (1) granting defendant's motion to amend the pretrial order at the close of plaintiff's evidence for the purpose of adding the affirmative defenses of unconscionability, illegality, and fraud; (2) denying his motion for directed verdict as to the validity of the December 13 contract as supported by valid consideration; (3) failing to give his request to charge on "bad bargain" as not relieving a party of the duty to perform under a contract; and (4) granting defendant's motion for directed verdict on his claim for attorney fees under OCGA § 13-6-11. *Held*:

1. The plaintiff claims that defendant's belated motion to amend the pretrial order waived her affirmative defenses in that she offered no explanation for her delay. *Ostroff v. Coyner*, 187 Ga. App. 109, 113 (2) (369 SE2d 298) (1988) (" 'Generally, a proposed amendment will not be barred . . . because it is offered late in the case so long as the other party is not prejudiced. "The burden is on the party seeking amendment to show lack of laches or lack of inexcusable delay." [Cit.]' "); see also *Hickox v. Dubose*, 172 Ga. App. 47, 48 (321 SE2d 789) (1984).

At the close of his case-in-chief, the plaintiff moved in limine, as he had done by his trial brief, to foreclose defendant's introduction of any evidence pertinent to her affirmative defenses as waived for her failure to amend her answer to reflect these defenses before the entry of the pretrial order. The record shows that the defendant moved to amend the pretrial order in response to plaintiff's renewed motion in limine, arguing there was no surprise in that she had raised the affirmative defenses complained of two and a half months earlier by her brief in support of motion for summary judgment and response to plaintiff's motion for summary judgment.

Affirmative defenses are pleaded to prevent surprise and give

tracts executed earlier in 1997 and included $153,000 for the additional work which was done. A third contract executed between the parties in 1997 was for the replacement of defendant's roof. Such contract was not in issue because the defendant had paid it out in full in the amount of $18,800.

the opposing party fair notice of what to defend. *Mayer v. Wylie*, 229 Ga. App. 282 (1) (494 SE2d 60) (1997). "If . . . not pleaded it is generally held that the [affirmative] defense is waived, but if it is raised . . . by motion for summary judgment there is no waiver." (Citations and punctuation omitted.) *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 887 (1) (a) (341 SE2d 294) (1986).

In determining whether leave to amend a pretrial order should be allowed after entry thereof, see OCGA § 9-11-15 (a), trial courts must balance "possible unfair prejudice to the nonmoving party with the movant's reasons for delay. [Cit.]" *Rowe Dev. Corp. v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 770 (3) (525 SE2d 123) (1999). In the absence of an abuse of discretion, a trial court's action in creating, enforcing, and modifying a pretrial order will not be disturbed on appeal. *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 495 (313 SE2d 709) (1984). Defendant having raised her affirmative defenses on motion for summary judgment, there was neither prejudice arising out of surprise nor waiver as a matter of law. *McFadden Business Publications v. Guidry*, supra. Pretermitting whether the superior court adequately caused the defendant to explain her delay in moving to amend the pretrial order, the potential for prejudice not being present as a matter of law, id., defendant's reasons for delay were immaterial in that no test for prejudice was required. Accordingly, the superior court did not abuse its discretion in granting defendant's motion to amend the pretrial order in the instant circumstances. *Ga. Power Co. v. O'Bryant*, supra.

2. Neither did the superior court err in denying plaintiff's motion for directed verdict predicated on the claims that the December 13 contract was enforceable as supported by valid consideration under OCGA § 13-3-42, assented to by the defendant's signature, and not subject to modification upon parol evidence.

> A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a verdict. OCGA § 9-11-50 (a). In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the any evidence test. *Evans Timber Co. v. Central of Ga. R. Co.*, 239 Ga. App. 262 (1) (519 SE2d 706) (1999).

*Griffith v. Med. Rental Supply &c.*, 244 Ga. App. 120 (534 SE2d 859) (2000). Consequently, on appeal, the plaintiff must establish that "there was no conflict in the evidence as to any material issue and

the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought." (Punctuation omitted.) *Grange Mut. Cas. Co. v. DeMoonie*, 227 Ga. App. 812 (490 SE2d 451) (1997). This the plaintiff has failed to do.

Pretermitting plaintiff's arguments urging the enforceability of the December 13 contract, it is undisputed that the plaintiff did not provide the contract to the defendant for signature until after all the work performed thereunder had been done. "To constitute consideration, a promise or a return promise must be bargained for by the parties to a contract." OCGA § 13-3-42 (a). The December 13 contract was submitted to the defendant only after the additional work had been completed which vitiated any claim that the contract was bargained for and a meeting of the minds reached thereon. See *Mullinax v. Doughtie*, 196 Ga. App. 747, 748-749 (1) (396 SE2d 919) (1990); *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527, 528 (336 SE2d 583) (1985). Though she had orally authorized the plaintiff to proceed with additional work for "a fair and reasonable price," there is no evidence showing that the defendant's understanding of what was to occur was more specific than that. It follows that the superior court properly denied plaintiff's motion for directed verdict on this issue. *Griffith v. Med. Rental Supply &c.*, supra.

3. Plaintiff also contends that the superior court's instruction upon the affirmative defenses of unconscionability and fraud, while refusing to give the bad bargain charge he requested, erroneously suggested to the jury that a party's bad bargain is a defense to its failure to perform thereunder. This claim of error is likewise without merit.

In Georgia, the power of the courts to shield contracting parties from unconscionable contractual provisions and the duty of the courts to protect the freedom of parties to contract are mutually exclusive. *NEC Technologies v. Nelson*, 267 Ga. 390, 396 (4) (478 SE2d 769) (1996); *Romine, Inc. v. Savannah Steel Co.*, 117 Ga. App. 353, 354 (3) (160 SE2d 659) (1968) (The authority of the courts to limit the application of unconscionable contracts "is not designed . . . to relieve a party of a bad bargain."). Having reviewed the charge of the superior court in its entirety as we are required to do, *Hitchcock v. Key*, 163 Ga. App. 901, 903 (2) (296 SE2d 625) (1982), to include its instructions as to unconscionability and fraud,[2] we find no basis upon which the jury could reasonably have inferred that a party might

---

[2] The superior court instructed the jury that "[a]n unconscionable contract is one abhorrent to good morals and conscience. It is one where one of the parties takes a fraudulent advantage of the other. Unconscionability is directly related to fraud and deceit; which, in turn, may be found where there is a great inadequacy of consideration or where one party to a contract is not as thoroughly knowledgeable as to the subject matter as the other."

avoid the results of that which is merely a bad bargain upon being charged as to the unenforceability of an unconscionable contract.

4. Finally, the superior court did not err in granting defendant's motion for directed verdict on plaintiff's claim for litigation expenses pursuant to OCGA § 13-6-11.

> OCGA § 13-6-11 allows recovery of litigation expenses when defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. With respect to bad faith, the elements of bad faith that will support a claim for expenses of litigation must relate to [defendant's] acts in the transaction itself prior to this litigation, not to the motive with which it defended the litigation. *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 200 (3) (450 SE2d 427) (1994). A recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defendant's liability.

*King Indus. Realty v. Rich*, 224 Ga. App. 629, 635 (6) (481 SE2d 861) (1997). "Whether or not a bona fide controversy exists is normally for the jury to decide." (Citations and punctuation omitted.) *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 542 (3) (466 SE2d 27) (1995). Where, as here, a bona fide controversy clearly exists between the parties, there is no evidence to support an award for litigation expenses under OCGA § 13-6-11. *Gunnin v. Parker*, 194 Ga. App. 426, 427 (1) (390 SE2d 596) (1990), cert. denied, 194 Ga. App. 911 (1990); see also *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746 (365 SE2d 540) (1988); *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219 (312 SE2d 386) (1983). Accordingly, the superior court did not err in directing a verdict for defendant and against the plaintiff on the question of plaintiff's entitlement to expenses of litigation under OCGA § 13-6-11. *Griffith v. Med. Rental Supply &c.*, supra.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 13, 2000.

*Oliver, Maner & Gray, James P. Gerard, Timothy M. O'Brien*, for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson*, for appellee.