### A01A1711. BROWN v. WALKER.
(555 SE2d 223)

PHIPPS, Judge.

Robert S. Brown appeals the trial court's grant of a directed verdict in favor of attorney Ralph W. Walker in this negligence case. Because we agree with the trial court that Brown's claim was barred by the statute of limitation, we affirm.

Brown and his father jointly owned property in Cobb County. Brown decided to purchase his father's interest in the property. To that end, Brown refinanced the property with a loan from Lake City Mortgage, Inc. Lake City Mortgage contracted with Walker's law firm to handle the loan transaction. The closing occurred on November 3, 1995. Walker averred that, as part of the transaction, he prepared a quitclaim deed conveying Brown's father's interest in the property to Brown, but the deed "was lost or misplaced" and not recorded.

Brown sued Walker in 1999 for negligently failing to obtain and record the quitclaim deed. Brown alleged that because his father remained listed as part-owner of the property, his father's creditors had been able to obtain liens against the property. These liens allegedly prevented Brown from selling the property, resulting in financial loss. The case was tried before a jury. At the close of Brown's evidence, the trial court directed a verdict for Walker.

1. One ground for the directed verdict was that Brown's claim was untimely. The statute of limitation for an action against an attorney sounding in tort is two years.[1] In this case, the statute began running at the time of the alleged negligent failure to obtain and record the quitclaim deed in November 1995,[2] yet Brown did not file his complaint until April 1999. Thus, the trial court correctly determined that the complaint had been filed after the applicable statute

---

[1] OCGA § 9-3-33; *Plumlee v. Davis*, 221 Ga. App. 848, 852 (2) (473 SE2d 510) (1996).

[2] See *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 65 (3) (473 SE2d 501) (1996) (action alleging legal negligence accrues "from the date of the attorney's breach of duty, that is, from the date of the alleged negligent or unskillful act") (punctuation omitted).

of limitation had run.

Brown argues that Walker waived his statute of limitation defense. Walker raised the defense in his answer but did not include it in the pretrial order, which was adopted by the trial court. Walker raised the statute of limitation defense again during argument on his motion for directed verdict. Brown protested that Walker had waived the defense and that he was being "ambush[ed]" by Walker's attempt to resurrect it at trial. The trial court asked Brown whether the omission of the defense from the pretrial order had caused him "not to call any witnesses or forgo any evidence, take any different position than [he] would have taken other than what [he] did in this case." Brown said that if he had known Walker intended to pursue the defense, he might have amended his complaint. Walker then pointed out that Brown could have amended his complaint after Walker raised the defense in his answer. The trial court apparently agreed with Walker and ruled that the complaint was time-barred.

Under OCGA § 9-11-16 (b), a pretrial order entered by the court "controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." We will not disturb a trial court's decision to modify a pretrial order absent an abuse of discretion.[3] Here, the court implicitly modified the pretrial order to include the statute of limitation defense only after inquiring into whether Brown had been harmed by Walker's failure to include it in the pretrial order. Brown failed to show any prejudice.[4] Accordingly, we find no abuse of discretion in the trial court's implicit modification of the pretrial order and consideration of Walker's statute of limitation defense.

2. Because the trial court properly ruled that the complaint was untimely, we need not consider the other grounds for the grant of the directed verdict.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 11, 2001.

*N. William Pettys, Jr.*, for appellant.
*Cordle & Ditchen, Ellen A. Cordle*, for appellee.

---

[3] *Whorton v. Boatwright*, 233 Ga. App. 369, 371 (504 SE2d 216) (1998); *Khoury Constr. Co. v. Earhart*, 191 Ga. App. 562 (1) (382 SE2d 392) (1989).

[4] See *Driggers v. Campbell*, 247 Ga. App. 300, 302 (1) (543 SE2d 787) (2000) (where affirmative defense was raised before trial, plaintiff was not unfairly surprised by amendment of pretrial order at close of plaintiff's case to include defense).