A02A2179. TOTAL CAR FRANCHISING CORPORATION, INC. v. SQUIRE.
(576 SE2d 90)

BLACKBURN, Presiding Judge.

W. James Squire III sued Total Car Franchising Corporation, Inc., a South Carolina corporation registered in Georgia, for breach of contract. Nearly 18 months after Squire filed suit, Total Car sought to amend the consolidated pretrial order that had already been entered. After the trial court denied its motion to amend and to reconsider its denial, Total Car appealed, following this Court's grant of its application for interlocutory appeal, claiming the court committed reversible error by: (1) failing to determine whether the proposed pretrial amendments were required to prevent manifest injustice and (2) denying the amendments solely on the basis that the case was scheduled for trial and had appeared on previous trial calendars. For the reasons that follow, we reverse.

Squire filed suit against Total Car on July 26, 2000, for allegedly failing to pay the June portion of a bonus purportedly due under an "Executive Management Bonus Agreement." Squire served as Total Car's president and chief operating officer from October 1, 1998, through March 31, 2000. As part of his compensation package, Total Car and Squire entered into an agreement that obligated Total Car to pay Squire a bonus "calculated after receipt of [the] outside auditor's work papers for the fiscal year." The Agreement provided for the bonus to be paid in two installments, half by June 30, 2000, and the other half on December 30, 2000.

To Squire's complaint, Total Car asserted, inter alia, the defenses of unclean hands, unjust enrichment, and accord and satisfaction. Total Car also counterclaimed against Squire for fraud and breach of fiduciary duty. Total Car alleged that Squire had misrepresented the allocations of certain expenses and revenues to the auditors, thereby inflating his bonus and increasing Total Car's tax liability.

After changing counsel, on March 7, 2002, prior to the scheduled trial date, Total Car filed a motion to amend the pretrial order "to avoid manifest injustice." In so moving, Total Car noted that it was not seeking to reopen discovery. Instead, Total Car sought primarily to restate its own case, restore certain defenses asserted in its plead-

ings, and to seek application of South Carolina law.[1] Total Car wanted, inter alia, to offset any damages awarded to Squire by virtue of his severance package, to include a claim that Squire breached the statutory and case law of South Carolina, and to contest Squire's assertion of claims under OCGA §§ 9-15-14 and/or 51-7-81. Total Car also desired to qualify jurors as to its present counsel and to transfer two persons on the witness list from a "will call" status to "may call." In addition, Total Car sought to resurrect its defenses of unclean hands, unjust enrichment, and accord and satisfaction after omitting them from the pretrial order. Purportedly to minimize the effect upon the trial schedule and any inconvenience to Squire, Total Car asked solely to amend the pretrial order, despite noting that its prior counsel had failed to depose Squire. The new counsel explained, "[i]n reviewing the existing Pretrial Order and preparing for trial, Total Car's current counsel discovered that key witnesses, documents and other matters crucial to Total Car's defense were either omitted or not clearly and fully articulated. These issues arise out of the current record and facts well known to both Total Car and Plaintiff." Counsel asserted, "[t]hese changes and amendments are absolutely necessary to permit Total Car a full and fair opportunity to present its case on the merits."

Contending that Total Car could not "show lack of laches or lack of inexcusable delay," Squire adamantly opposed the motion. Squire claimed that "successor counsel has reviewed the case, and its Answer and Counterclaim in particular, and now wants to completely rewrite the script." Complaining that his case had been prepared "in reliance upon the integrity of the Pretrial Order," Squire filed a motion in limine to oppose any alteration to the existing pretrial order.

More than six weeks subsequent to the date Total Car filed its motion, the trial court denied the motion on April 25, 2002, stating as its sole reason that "the instant action is the first case on the May 13, 2002 calendar, its fourth appearance on the trial calendar." The trial court then denied Squire's motion in limine as moot. This appeal followed.

1. Total Car asserts that the trial court erred and abused its discretion when it based its rationale solely upon the case being on a trial calendar. We agree.

In pertinent part, OCGA § 9-11-15 (a) provides: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party

---

[1] The agreement at issue expressly provides that "[t]he Laws of the State of South Carolina shall govern this Agreement."

may amend his pleading only by leave of court or by written consent of the adverse party. *Leave shall be freely given when justice so requires.*" (Emphasis supplied.) Unless modified, the pretrial order, when entered, controls the subsequent course of the action. *Bridges v. Dept. of Transp.*[2] The purpose of the pretrial order is to formulate and simplify the issues for trial, but these objectives should not operate contrary to the spirit of the Civil Practice Act which is to ensure that "cases be decided on their merits and that decisions based on other considerations be avoided." *Ambler v. Archer.*[3] Even after entry of the pretrial order, amendments are to be liberally granted by the court as justice requires. *Midtown Properties v. George F. Richardson, Inc.*[4] Thus, "[i]n considering belated motions to amend pleadings, the trial judge must freely allow amendment when justice so requires." (Punctuation omitted.) *Hickox v. DuBose.*[5] Moreover, a pretrial order should be liberally construed "to allow the consideration of all questions fairly within the ambit of the contested issues." (Punctuation omitted.) *Mullinax v. Shaw.*[6]

"Generally, a proposed amendment will not be barred because it is offered late in the case so long as the other party is not prejudiced. The burden is on the party seeking amendment to show lack of laches or lack of unexcusable delay." (Punctuation omitted.) *Ostroff v. Coyner.*[7] When exercising discretion to allow or disallow amendments, "the trial court must balance possible unfair prejudice to the nonmoving party with the movant's reasons for delay. But mere delay in seeking leave to amend is not a sufficient reason for its denial." (Citation omitted.) *Rowe v. Akin & Flanders, Inc.*[8]

But here, it appears that the trial court denied the motion to amend strictly on the basis of delay, finding the case was scheduled for trial and had been on prior trial calendars. The record contains no evidence that the trial court considered whether justice required the pretrial order to be amended as authorized by OCGA § 9-11-15 (a). Nor does the record show that the trial court balanced the possible unfair prejudice to Squire with Total Car's reasons for delay. See *Driggers v. Campbell.*[9] Yet, when Total Car tried to reassert the affirmative defenses previously raised, as a matter of law, "there was [no] prejudice arising out of surprise." Id.

[2] *Bridges v. Dept. of Transp.*, 209 Ga. App. 33, 35 (3) (432 SE2d 634) (1993).

[3] *Ambler v. Archer*, 230 Ga. 281, 288 (1) (196 SE2d 858) (1973).

[4] *Midtown Properties v. George F. Richardson, Inc.*, 139 Ga. App. 182, 187 (6) (228 SE2d 303) (1976).

[5] *Hickox v. DuBose*, 172 Ga. App. 47, 48 (321 SE2d 789) (1984).

[6] *Mullinax v. Shaw*, 143 Ga. App. 657, 661 (3) (239 SE2d 547) (1977).

[7] *Ostroff v. Coyner*, 187 Ga. App. 109, 113 (2) (369 SE2d 298) (1988).

[8] *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 770 (3) (525 SE2d 123) (1999).

[9] *Driggers v. Campbell*, 247 Ga. App. 300, 302 (1) (543 SE2d 787) (2000).

Squire's reliance upon *Whorton v. Boatwright*[10] is misplaced because that court's refusal to alter a pretrial order occurred in an entirely different context. In *Whorton*, unlike here, an "issue was belatedly disclosed to the trial court on the morning of a specially set trial." Id. In *Whorton*, the party seeking to amend the pretrial order had failed to file a motion in limine on the issue and had denied the existence of the evidentiary question that it was belatedly seeking to inject into the trial. Also, in *Whorton*, unlike here, the movant could not show the absence of laches or lack of inexcusable delay. See id. at 372. Here, Total Car requested the amendments well before trial, offered testimony to explain the delay, and arguably presented a viable claim of unfairness in the event that the pretrial order was not amended.

Notwithstanding Squire's claim to the contrary, Total Car did not have to demonstrate that its proposed amendments were "necessary to prevent manifest injustice." Such a test would have been "an incomplete exercise of judicial discretion, based on an erroneous theory of law." *Rowe*, supra. Therefore, we vacate the judgment denying Total Car's motion to amend the pretrial order, and on remand, we direct the trial court to reconsider that motion under the proper balancing test noted above.

2. In light of this holding, we need not address the remaining issues.

*Judgment vacated and case remanded with direction. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2003.

*Freddie R. Stone, Jr.*, for appellant.
*Lauren O. Buckland*, for appellee.

---

[10] *Whorton v. Boatwright*, 233 Ga. App. 369, 371 (504 SE2d 216) (1998).