S90A1298, S90X1299. POLONEY et al. v. TAMBRANDS, INC.; and vice versa.
(399 SE2d 208)

CLARKE, Chief Justice.

Janis Poloney died after using tampons made by Tambrands, Inc. Her parents alleged that she died from toxic shock syndrome and brought an action against Tambrands for products liability and wrongful death. The trial court granted Tambrands' motion for partial summary judgment on the grounds that the Poloneys' state law claims alleging failure to warn, inadequate warning and misrepresentation, are preempted by federal law. We granted the Poloneys' interlocutory application to address the preemption issue.

1. The issue to be decided in the main appeal is whether applicable federal statutes and regulations preempt claims based on state law standards for evaluating the adequacy of the toxic shock syndrome warning. Tambrands' only contention is that the legal sufficiency of its warning must be judged solely on the basis of the federally prescribed standards.

The Supremacy Clause of the United States Constitution dictates that federal law preempts inconsistent state law. U. S. Const., Art. VI, cl. 2. "Pre-emption may be either express or implied, and is 'compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.' *Jones*

*v. Rath Packing Co.*, 430 U. S. 519, 525 (1977)." *Fidelity Federal Savings &c. Assn. v. de la Cuesta*, 458 U. S. 141, 152 (102 SC 3014, 73 LE2d 664) (1982). Although it is often necessary to examine legislative history to determine whether Congress intended to preempt state law, "[w]hen a federal statute unambiguously precludes certain types of state [law], we need go no further than the statutory language to determine whether the state [law] is pre-empted." *Exxon Corp. v. Hunt*, 475 U. S. 355, 362 (106 SC 1103, 89 LE2d 364) (1986).

This is an express preemption case. The 1976 Medical Device Amendments to the Federal Food, Drug and Cosmetic Act, specifically, 21 USC § 360 (k) and the regulations promulgated thereunder, govern the labeling of tampons. 21 USC § 360 (k) provides that no state or political subdivision may establish or continue any requirement with respect to a medical device which is (1) "different from, or in addition to," the federal requirement for that device; and (2) related to safety or effectiveness or any other matter included in the federal requirements for the device. Under 21 CFR § 808.1 (b) the prohibition is extended to any requirement whether created by statute, ordinance, regulation or court decision.

The preemptive intent of the above provisions is clear. However, we agree with the Fifth Circuit Court of Appeals that "[t]he FDA did not intend to preempt all state laws and regulations pertaining to tampons." *Moore v. Kimberly-Clarke Corp.*, 867 F2d 243, 244 (5th Cir. 1989). Pursuant to 21 CFR § 801.1 (d), state requirements are preempted "only when the Food and Drug Administration has established specific counterpart regulations or there are other specific requirements applicable to a particular device under the act. . . ." *Moore*, supra at 245.

The FDA has addressed the precise health risk at issue in this case, toxic shock syndrome, and has established very specific tampon warning label requirements. These may be found in 21 CFR §§ 801.430 (c); 801.430 (d); 884.5640 and 884.5470. We hold, as have the overwhelming majority of courts that have considered the issue, that these provisions expressly preempt state tampon warning label requirements for toxic shock syndrome, including those that emanate from state tort law. See, e.g., *Moore v. Kimberly-Clarke Corp.*, 867 F2d, supra; *Krause v. Kimberly-Clarke Corp.*, No. L89-30066CA (W.D. Mich., Jan. 17, 1990); *Lindquist v. Tambrands, Inc.*, 721 FSupp. 1058 (D. Minn. 1989); *Edmondson v. Intl. Playtex, Inc.*, 678 FSupp. 1571 (N.D. Ga. 1987).

In other words, the legal sufficiency of a tampon label warning about toxic shock syndrome must be judged solely on the basis of the federally prescribed standards. Because there is no dispute in this case that Tambrands' warning complied with the federal standards, the trial court was correct in granting summary judgment to Tam-

brands on the Poloneys' claims based on inadequate warning.

It is important to note here that the Poloneys' claims based on failure to warn (i.e., absence of the federally required warning) and misrepresentation are not preempted by the federal regulations. Accord *Moore*, supra at 246. However, the Poloneys presented no affidavits, documents or depositions that create a genuine issue to be tried with respect to these claims. The Poloneys point to no misrepresentation of the product by Tambrands. Further, they do not dispute that the federally required warnings were present on the package used by Janis Poloney. Therefore, the trial court correctly granted summary judgment on these claims.

2. In the cross-appeal Tambrands contends that the trial court erred in denying the motion to dismiss the action as barred by the applicable statute of limitation. We disagree and affirm the trial court's ruling on the motion to dismiss.

There is no dispute that plaintiffs filed the action well before the expiration of the statute of limitation. Because of some misunderstanding of Tambrand's activities in Georgia, however, plaintiffs first attempted service by an inappropriate method. Tambrands did not receive proper service of the summons and complaint until some months after the statute had expired. The issue presented to the trial court, therefore, was whether plaintiffs acted in a reasonable and diligent manner in perfecting service so that the date of service should relate back to the date of filing the complaint. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). After exploring all of the facts relating to service of process, the trial court concluded that plaintiffs were diligent in effecting service.

We note that Tambrands had notice of the action, and had filed defensive pleadings and begun participating in discovery prior to the date that plaintiffs perfected proper service. Tambrands can demonstrate no prejudice flowing from the late date of proper service. Under these circumstances, we will not disturb the trial court's determination that plaintiffs exercised due diligence in perfecting service and that the date of service should relate back to the date of filing the complaint.

*Judgment affirmed in Case Nos. S90A1298 and S90X1299. Clarke, C. J., Smith, P. J., Bell, Hunt, Fletcher, Benham, JJ., and Judge Bryant Culpepper concur; Weltner, J., not participating.*

DECIDED JANUARY 10, 1991 —
RECONSIDERATION DENIED FEBRUARY 28, 1991.

*Greene & Davis, H. Darrell Greene, Jack M. Smith, Paul Shimek III, Arthur H. Bryant,* for appellants.

*John A. Gilleland, Roger E. Podesta, Roberta G. Gordon,* for appellee.

*Foy R. Devine, Frank J. Beltran, Eugene Brooks, Richard H. Middleton, Jr., Michael Maher, Marc Wetherhorn, Ruth Jones, Marlys A. Marshall,* amici curiae.