## S01G1633. McCOMBS v. SYNTHES (U.S.A.) et al.
### (587 SE2d 594)

SEARS, Presiding Justice.

We granted certiorari in this products liability case to consider

whether the Court of Appeals erred by holding that the appellant, Linda McCombs, could not assert certain arguments on appeal concerning the "learned intermediary" doctrine because she had not specifically asserted them below.[1] Because appellee Synthes Spine Company ("Synthes Spine") moved for and was granted summary judgment on McCombs's failure to warn claim based on the learned intermediary doctrine, and because the arguments raised on appeal by McCombs concerning that doctrine were arguments that the trial court necessarily had to resolve adversely to McCombs to grant summary judgment to Synthes Spine, we reverse the Court of Appeals's judgment and remand the case to it for consideration of McCombs's arguments.

1. Under the learned intermediary doctrine, the manufacturer of a prescription drug or medical device does not have a duty to warn the patient of the dangers involved with the product, but instead has a duty to warn the patient's doctor, who acts as a learned intermediary between the patient and the manufacturer.[2] The rationale for the doctrine is that the treating physician is in a better position to warn the patient than the manufacturer, in that the " 'decision to employ prescription medication [or medical devices] involves professional assessment of medical risks in light of the physician's knowledge of a patient's particular need and susceptibilities.' "[3] Finally, as Synthes Spine concedes, under the learned intermediary doctrine, the manufacturer's warnings to the physician must be adequate or reasonable under the circumstances of the case.[4]

2. In the present case, McCombs underwent spinal surgery, which involved, among other things, the installation of a plate device to stabilize her spine.[5] The plate, however, subsequently fractured, and McCombs brought this products liability action against Synthes Spine, as well as other defendants. Relying on the learned intermediary doctrine, Synthes Spine moved for summary judgment on McCombs's failure to warn claim. More specifically, Synthes Spine contended that its warning to McCombs's doctor was sufficient to sat-

---

[1] *McCombs v. Synthes (U.S.A.)*, 250 Ga. App. 543 (553 SE2d 17) (2001).

[2] See *Ellis v. C.R. Bard, Inc.*, 311 F3d 1272, 1279-1280 (11th Cir. 2002); *Williams v. American Medical Systems*, 248 Ga. App. 682, 685 (548 SE2d 371) (2001); *Presto v. Sandoz Pharmaceuticals Corp.*, 226 Ga. App. 547, 548-549 (487 SE2d 70) (1997).

[3] *McCombs*, 250 Ga. App. at 545, quoting *Lance v. American Edwards Laboratories*, 215 Ga. App. 713, 716 (452 SE2d 185) (1994). Accord *Ellis*, 311 F3d at 1279-1281.

[4] See *Ziliak v. Astra Zeneca*, 324 F3d 518, 521 (7th Cir. 2003); Annotation, *Construction and Application of the Learned-Intermediary Doctrine*, 57 ALR5th 1, 29 (1998); Restatement (Third) of Torts: Products Liability, § 6 (d) (1); *Ellis*, 311 F3d at 1278-1279, 1281 (trial court found that warning to physician was adequate and granted summary judgment under learned intermediary doctrine, and the appellate court affirmed).

[5] The facts of the case are more fully set forth in the Court of Appeals's opinion, and need not be repeated here in full. See *McCombs*, 250 Ga. App. at 543-550.

isfy its duty to warn, and that it had no duty to also warn McCombs. In response to the summary judgment motion, McCombs did not contend that the warning to her doctor inadequately conveyed the dangers associated with the use of the plate. Based on the learned intermediary doctrine, the trial court granted summary judgment to Synthes Spine on McCombs's failure to warn claim. On appeal to the Court of Appeals, McCombs contended that a jury question existed as to the adequacy of the warning that was given to her doctor. The Court of Appeals, however, declined to address this contention on the ground that McCombs did not specifically make this argument in the trial court. We subsequently granted McCombs's petition for certiorari to address this holding of the Court of Appeals.

3. As the movant for summary judgment, Synthes Spine had to " 'demonstrate that there [was] no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant[ed] judgment as a matter of law.' "[6] Synthes Spine contended that it was entitled to summary judgment on McCombs's failure to warn claim based on the learned intermediary doctrine. As the movant for summary judgment, Synthes Spine thus had the burden to show that there was no issue of material fact concerning the learned intermediary doctrine and that the application of that doctrine to this case defeated McCombs's failure to warn claim as a matter of law.

In light of the principles governing the learned intermediary doctrine, for the trial court to grant summary judgment to Synthes Spine based on that doctrine, the trial court had to conclude that the warning given by Synthes Spine to McCombs's physician was adequate or reasonable as a matter of law. Thus, the adequacy of the warning was an issue raised by Synthes Spines's motion for summary judgment, and was an issue necessarily resolved adversely to McCombs by the trial court. For this reason, McCombs was entitled to argue this issue on appeal, and the Court of Appeals erred in holding to the contrary.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003 —
RECONSIDERATION DENIED NOVEMBER 7, 2003.

*Warshauer, Thomas, Thornton & Rogers, Michael J. Warshauer, Lyle G. Warshauer, Brian D. Rogers,* for appellant.
*Alston & Bird, Lori G. Cohen, Jenifer N. Stephens,* for appellees.

---

[6] *Talbot County Bd. of Comm'rs v. Woodall,* 275 Ga. 281 (565 SE2d 465) (2002), quoting *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

*King & Spalding, Chilton D. Varner, William R. Bassett, Jr., Stephen B. Devereaux, Brown & Shamp, Robert H. Brown III*, amici curiae.