A01A0006. McCOMBS v. SYNTHES (U.S.A.) et al.
(596 SE2d 780)

ANDREWS, Presiding Judge.

In *McCombs v. Synthes (U.S.A.)*, 277 Ga. 252 (587 SE2d 594) (2003), the Supreme Court reversed Division 1 of *McCombs v. Synthes (U.S.A.)*, 250 Ga. App. 543, 545 (553 SE2d 17) (2001), in which we found that McCombs had not argued that the learned intermediary rule did not apply or should be expanded below and, therefore, the trial court's ruling granting summary judgment on that ground was correct.

Division 1 of our opinion is hereby vacated and the opinion of the Supreme Court made the opinion of this Court. As directed therein, we consider McCombs's argument made here that there remained a jury question as to the adequacy of the warning given to her surgeon by Synthes (U.S.A.), although, as acknowledged in *McCombs v. Synthes (U.S.A.)*, 277 Ga. at 254, "[i]n response to the summary judgment motion, McCombs did not contend that the warning to her doctor inadequately conveyed the dangers associated with the use of the plate."

The warning included in the package insert with the Synthes plate is set out in *McCombs v. Synthes (U.S.A.)*, 250 Ga. App. at 544, including the phrase "[t]hese devices can break when subjected to the increased loading associated with delayed union or nonunion." This is what occurred in McCombs's situation.

We conclude, as did the trial court, that under the learned intermediary doctrine, this warning to Dr. Achecar was adequate and reasonable under the circumstances of her case. *McCombs v. Synthes (U.S.A.)*, 277 Ga. at 253 (1); see also *Presto v. Sandoz Pharmaceuticals Corp.*, 226 Ga. App. 547, 548 (1) (487 SE2d 70) (1997); *Wheat v. Sofamor*, 46 FSupp.2d 1351, 1362-1363 (4) (N.D. Ga. 1999).

*Judgment affirmed. Smith, C. J., Johnson, P. J., Ruffin, P. J., Eldridge, Miller and Ellington, JJ., concur.*

DECIDED MARCH 17, 2004.

*Webb, Lindsey, Collins, Jones & Wade, James H. Webb, Jr., Hall, Booth, Smith & Slover, Martin C. Jones, Sharon J. Whitwell*, for appellant.

*Kilpatrick Stockton, Susan A. Cahoon, Jeffrey J. Toney, Alston & Bird, Jenifer N. Stephens*, for appellees.