[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15914
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:08-cv-02652-TCB

SHAH-HAAN PRYCE,

                                              Plaintiff - Appellant,

versus

SEPTODONT, INC.,
SOFIC, INC.,

                                              Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 15, 2012)

Before EDMONDSON, KRAVITCH and FARRIS,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Appellant Shah-haan Pryce appeals the district court's order granting summary judgment in favor of the defendants on Pryce's state law strict products liability claim. Pryce's suit alleged that the defendants produced a defective dental needle and, as a result of the defect, part of the needle broke off inside Pryce's cheek during a nerve block injection, causing Pryce substantial injury. Pryce was unable to present direct evidence of a defect in the needle because the needle is not available for examination or testing: the part of the needle that broke off at the hub is lodged in his neck, and his treating dentist disposed of the remaining portion of the needle. Pryce claims, however, that the district court erred in granting summary judgment because the testimony of his treating dentist showed that the unaltered needle failed to operate as intended in normal use, and thus provided circumstantial evidence of a product defect. We affirm.

A plaintiff bringing a claim under Georgia's strict product liability statute "must show that the device did not operate as intended and this was the proximate cause of his injuries." *Williams v. Am. Med. Sys.*, 548 S.E.2d 371, 374 (Ga. Ct. App. 2001). "[T]he existence of a manufacturing defect in a products liability case may be inferred from circumstantial evidence." *Firestone Tire & Rubber Co. v. King*, 244 S.E.2d 905, 909 (Ga. Ct. App. 1978).

Here, Pryce has failed to provide evidence that the device did not operate as intended because he has not shown that the 30-gauge short needle at issue was intended for use in nerve block injections. The deposition testimony of Pryce's treating dentist, Dr. Tampa Rhodes, shows that dental needles come in various lengths and widths and that different sized needles are used for different types of injections performed by dentists. While Pryce testified that she personally believed it appropriate to use 30-gauge short needles for nerve block injections and that she did not do anything unusual during the procedure to cause the needle's breakage, her testimony does not establish that the nerve block injections were an *intended* use of a 30-gauge short needle. Moreover, the record here shows that there are six different sized needles available from Dr. Rhodes' supplier, and that the manufacturer's package insert indicates that only one of these sizes–a needle both longer and wider than the 30-gauge needle used here–should be used for nerve block injections. Because the evidence indicates that different sized dental needles have different intended uses, and because Pryce failed to establish that the 30-gauge short needle was intended for use in the procedure at issue, summary judgment was appropriate. *See Williams*, 548 S.E.2d at 374.

**AFFIRMED.**

3