McFadden, Judge,
dissenting.
It is no basis for objection that plaintiffs’ first expert did not personally inspect the car hauler. Dr. Cohen holds a Ph.D. in Human Factors and Ergonomics and has made a particular study of car haulers. As the trial court held, “he is qualified to testify as an expert in, essentially, safety issues related to falls.” A qualified expert
is free to opine about a complicated matter without any firsthand knowledge of the facts in the case, and based upon otherwise inadmissible hearsay if the facts or data are “of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.”
HNTB Ga. v. Hamilton-King, 287 Ga. 641, 645-646 (697 SE2d 770) (2010) quoting United States v. Frazier, 387 F3d 1244, 1260 (11th Cir. 2004).
*798 Decided November 20, 2015
Garland, Samuel & Loeb, David E. Tuszynski, for appellants.
Hulsey, Oliver & Mahar, Abbott S. Hayes, Jr.; Melanie S. Stone, for appellee.
If Dr. Cohen can be faulted, it is for belaboring the obvious. Moore fell because he had neither a handhold nor a functional ladder. He was clinging by his fingertips to the roof of a very large SUV, maneuvering sideways with his feet only partially on a narrow beam. In the rain. When his foot slipped, he had nothing to hang onto. So he fell.
Dr. Cohen’s testimony might shed additional light, but it was not necessary to avoid summary judgment. Georgia law imposes no across-the-board requirement of expert testimony in products liability cases. This court has repeatedly found in such cases that expert testimony was not necessary. See Owens v. Gen. Motors Corp., 272 Ga. App. 842, 847-848 (2) (b) (613 SE2d 651) (2005) (expert testimony not needed to prove alleged defect caused injury); Williams v. American Med. Systems, 248 Ga. App. 682, 683 (1) (548 SE2d 371) (2001) (claim survived summary judgment without expert testimony). See also Williams v. Mast Biosurgery USA, 644 F3d 1312, 1319 (II) (B) (11th Cir. 2011) (applying Georgia law).
As for Mississippi, it is true that the federal opinions cited by the majority contain some language suggesting that its does impose such an across-the-board requirement. But the Supreme Court of that state has held otherwise: it has ruled that the issue must be approached “on a case-by-case basis.” Forbes v. Gen. Motors Corp., 935 S2d 869, 878 (Miss. 2006). And the Mississippi Court of Appeals opinion cited by the majority simply notes without comment that the trial court had “ruled that Brown was not required to have an expert in biomechanics testify in order to establish proximate causation [of an air-bag failure]; therefore, GM’s motion for summary judgment on that issue was denied.” Brown v. Gen. Motors Corp., 4 S3d 400, 401 (Miss. Ct. App. 2009).
For those reasons I would hold that the trial court erred in excluding Dr. Cohen’s testimony and moreover that expert testimony was not necessary to avoid summary judgment. I therefore respectfully dissent.
I am authorized to state that Presiding Judge Barnes joins in this dissent.