## A01A0174. SPOON v. JOHNSON.
### (545 SE2d 328)

PHIPPS, Judge.

Randy Spoon filed a voluntary Chapter 13 federal bankruptcy petition without disclosing the existence of an unliquidated tort claim against Geraldine Johnson. Nonetheless, he later sued Johnson on the claim in a Georgia magistrate court. Although Spoon obtained an award of damages, he appealed to superior court. Johnson moved for summary judgment, arguing that the doctrine of judicial estoppel precludes Spoon from asserting the tort claim due to his failure to list it on his schedule of assets in the bankruptcy proceeding. Spoon appeals the trial court's award of summary judgment to Johnson. We find no error and affirm.

In numerous cases, we have applied the federal doctrine of judi-

cial estoppel "to preclude the prosecution of unliquidated tort claims that discharged debtors failed to list as assets in their federal bankruptcy petitions."[1] In *United Technologies Corp. v. Gaines*, we recognized that under federal bankruptcy law

> "all legal or equitable interests of (a) debtor in property as of the commencement of the (bankruptcy) case" become[ ] property of the bankruptcy estate. This includes causes of action, regardless of whether or not such actions are assignable or transferable by the debtor under state law. [Cits.] Therefore, by preemptive operation of federal law, when [the debtor] file[s] for bankruptcy the cause of action [becomes] part of the bankruptcy estate even though OCGA § 44-12-24 normally prohibits the assignment of personal tort causes of action.[2]

Spoon asks us to overrule these decisions. He claims that the principle of comity between state and federal courts prohibits the federal bankruptcy court from imposing a duty on him to assign a cause of action in violation of the laws of Georgia. Spoon also maintains that the requirement that he transfer his tort claim to the bankruptcy estate violates his state constitutional right to prosecute his own cause of action in the courts of this state. There is no merit in these arguments, because " '[t]he Supremacy Clause of the United States Constitution dictates that federal law preempts inconsistent state law. [Cit.]' "[3] The question is whether the federal constitution authorizes Congress to enact the preemptive legislation, an issue which Spoon does not address.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 31, 2001.

*James B. Sullivan*, for appellant.

*Martin, Snow, Grant & Napier, Blair K. Cleveland, Richard A. Epps, Jr.*, for appellee.

---

[1] *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999); see *Reagan v. Lynch*, 241 Ga. App. 642 (524 SE2d 510) (1999); *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997); *United Technologies Corp. v. Gaines*, 225 Ga. App. 191 (483 SE2d 357) (1997); *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454 (442 SE2d 265) (1994).

[2] (Footnote omitted.) 225 Ga. App. at 192.

[3] *Lance v. American Edwards Labs.*, 215 Ga. App. 713, 715 (452 SE2d 185) (1994).