S01G1644. IBF PARTICIPATING INCOME FUND et al.
v. DILLARD-WINECOFF, LLC.
(573 SE2d 58)

BENHAM, Justice.

In September 1999, appellee Dillard-Winecoff, LLC, a corporation formed to acquire and develop the former Winecoff Hotel property in Atlanta, filed suit against the entities who had provided the acquisition financing and their agents, appellants IBF Participating Income Fund, IBF Special Purpose Corporation II, Interbank Mortgage Corporation, and Interbank/Brener Brokerage Services ("IBF"). The lawsuit alleged fraud, intentional interference with contractual relations, wrongful foreclosure, breach of fiduciary duty, and breach of contract. Noting that Dillard-Winecoff had recently emerged from a Chapter 11 single asset real estate bankruptcy case (see 11 USC §§ 101 (51) (b) and 362 (d) (3)) in which it had not listed the claims set forth in the lawsuit as an asset, appellants filed a motion for summary judgment based on, among other things, judicial estoppel. After conducting a hearing on the motion, the trial court granted summary judgment to IBF. The Court of Appeals reversed the trial court's judgment, holding that the doctrine of judicial estoppel did not bar Dillard-Winecoff's post-bankruptcy suit against its creditor because Dillard-Winecoff's bankruptcy petition had been dismissed,[1] meaning that Dillard-Winecoff had not successfully asserted in the bankruptcy proceedings a position inconsistent with its lawsuit in a manner that provided an unfair advantage or benefit to Dillard-Winecoff in the bankruptcy proceeding. *Dillard-Winecoff v. IBF Participating*

---

[1] The bankruptcy court dismissed Dillard-Winecoff's bankruptcy case for cause pursuant to 11 USC § 1112 (b), on the United States Trustee's motion to dismiss. That motion pointed out that as a result of the bankruptcy court's earlier order lifting the automatic stay to permit the secured creditors to foreclose on the debtor's single material asset, Dillard-Winecoff lacked the ability to effectuate a plan of reorganization, and cause existed for dismissal of the case pursuant to 11 USC § 1112 (b) (2).

*Income Fund*, 250 Ga. App. 602 (1)-(2) (552 SE2d 523) (2001). We granted IBF's petition for a writ of certiorari to determine whether the Court of Appeals was correct in concluding that judicial estoppel requires the successful assertion in a prior judicial proceeding of a position inconsistent with that being asserted in the current litigation, which requirements are not met when the prior judicial proceeding is a bankruptcy case that is dismissed.

When judicial estoppel is asserted in an action brought in a Georgia court and a bankruptcy proceeding is the earlier proceeding in which the debtor/plaintiff took a position allegedly inconsistent with that taken in the state court action, the Georgia appellate courts historically have striven to apply the "federal" doctrine of judicial estoppel, in an effort "to afford the judgment of the bankruptcy court the same effect here as would result in the court where that judgment was rendered." *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). See, e.g., *Period Homes v. Wallick*, 275 Ga. 486 (569 SE2d 502) (2002); *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001), disapproved on other grounds in *Period Homes v. Wallick*, supra; *Cochran v. Emory Univ.*, 251 Ga. App. 737 (555 SE2d 96) (2001); *Spoon v. Johnson*, 247 Ga. App. 754 (545 SE2d 328) (2001); *Jowers v. Arthur*, 245 Ga. App. 68 (537 SE2d 200) (2000); *Smalls v. Walker*, 243 Ga. App. 453 (532 SE2d 420) (2000). The body of law that has developed in the Georgia appellate courts has come under criticism for failing to reflect accurately the state of federal "judicial estoppel" law. See, e.g., William Houston Brown, "Debtors' Counsel Beware: Use of the Doctrine of Judicial Estoppel in Nonbankruptcy Forums," 75 Am. Bankr. L.J. 197, 207 (2001).

It appears, however, from the recent decision of the United States Supreme Court in *New Hampshire v. Maine*, 532 U. S. 742 (121 SC 1808, 149 LE2d 968) (2001), that the law as developed in Georgia passes muster. In *New Hampshire v. Maine*, 121 SC at 1814, the Court stated that judicial estoppel is an equitable doctrine that " 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.' 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981). . . ." The Court saw as the purpose of judicial estoppel " 'to protect the integrity of the judicial process' [cit.] by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.' [Cit.]" Id. While the Supreme Court stated clearly that it was not establishing "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel" (id. at 1815), it set out three factors pertinent to the decision whether to apply the doctrine in a particular case: (1) the party's later position must be "clearly inconsistent" with its earlier

position; (2) the party must have succeeded in persuading a court to accept the party's earlier position; here the Supreme Court noted that "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' [cit.], and thus poses little threat to judicial integrity"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 1815.

In the case at bar, the Court of Appeals held that judicial estoppel is not applicable when the earlier proceeding in which the allegedly inconsistent position was taken was a bankruptcy proceeding that concluded in dismissal of the petition because no benefit or unfair advantage results from a dismissal since its effect is to return the debtor and creditors to the status quo ante, with the debtor again liable for its debts and creditors free to use all legal remedies available to collect thereon. *Dillard-Winecoff v. IBF Participating Income Fund,* supra, 250 Ga. App. at 604. To hold otherwise would give a windfall to the defendant in the state court contract/tort action by dismissing that action without a determination of its merits, after IBF had foreclosed on the sole asset of the bankruptcy estate and thereby apparently received what it was owed. We conclude that the balance of equities is tipped in favor of permitting Dillard-Winecoff to pursue its state court action against IBF. Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

*Weinstock & Scavo, Mark I. Sanders, Richard J. Capriola, Susan B. Jacobs,* for appellants.

*Kilpatrick Stockton, Jeffrey J. Toney, Hipes & Norton, Albert L. Norton, Jr., John E. Bellus, Jr.,* for appellee.