A06A1483. ZAHABIUON v. AUTOMOTIVE FINANCE CORPORATION.
(635 SE2d 342)

PHIPPS, Judge.

After Alexander Zahabiuon filed this conversion action, the trial court granted summary judgment against him, ruling that his failure to list the same conversion claim in his bankruptcy petition estops him from asserting it now. Zahabiuon appeals, and we affirm.

---

The relevant facts are not in dispute. In the early morning of January 24, 2000, Automotive Finance Corporation (AFC) repossessed approximately 20 cars from the premises of Y & Y Auto Sales, Inc. (Y & Y). One of the cars, a 1995 Mitsubishi, was owned by Zahabiuon, who later testified that his car had been awaiting repair at the time. Y & Y soon contacted AFC and demanded that the cars be returned. Zahabiuon's title to the Mitsubishi was one of those attached to this demand. Soon afterward, Y & Y sued AFC for conversion and other wrongs.

In June 2001, Zahabiuon filed a bankruptcy petition under Chapter 7. In the list of personal property attached to his bankruptcy petition, Zahabiuon represented that he had no "contingent or unliquidated claims of any nature," listed the Mitsubishi only as "stolen" property worth $3,500, and received an exemption for that amount. At the creditors' meeting, Zahabiuon avowed that he did not have any outstanding claims against anyone. On September 29, 2001, the trustee filed an order of discharge relieving Zahabiuon of nearly $60,000 in unsecured debt. Less than one month after the discharge, Zahabiuon filed the instant conversion action against AFC.

1. Zahabiuon contends that the trial court erred when it granted AFC's motion for summary judgment on the ground that Zahabiuon's claim was barred by judicial estoppel, and when it denied his own cross-motion for summary judgment. We disagree.

On appeal from a grant of summary judgment, we review the evidence de novo, drawing all reasonable conclusions and inferences to be drawn from it in the light most favorable to the nonmovant.[1] A trial court invokes the doctrine of judicial estoppel at its discretion, however, and we therefore review the application of this equitable doctrine to the facts only for an abuse of that discretion.[2]

As the Supreme Court of Georgia has recently held,

[t]he federal doctrine of judicial estoppel precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding. It is most commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors. The purpose of judicial estoppel is to protect the integrity of the judicial

---

[1] *Snellgrove v. Hyatt Corp.*, 277 Ga. App. 119 (625 SE2d 517) (2006).
[2] *Vojnovic v. Brants*, 272 Ga. App. 475, 477 (1) (612 SE2d 621) (2005).

process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.[3]

Unless it is disclosed by a Chapter 7 debtor, even reasonable diligence will not save an unliquidated tort claim from the application of judicial estoppel in a later proceeding.[4]

Our determination whether judicial estoppel bars Zahabiuon's claim depends on three factors:

> First, the party's later position must be clearly inconsistent with its earlier position. Second, the party must have succeeded in persuading a court to accept the party's earlier position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations. And third, a court must consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[5]

Here, Zahabiuon knew at the time he filed his bankruptcy petition that his car had been taken without his permission. His representation to the bankruptcy trustee that he had no outstanding legal claims of any kind contradicted the legal position taken in the action before us, and the bankruptcy trustee accepted these representations as true for purposes of discharging him. Finally, any successful pursuit of the claim would allow him to realize gains now inaccessible to his creditors. Thus we conclude that the trial court did not err when it held that Zahabiuon's claim was barred.[6]

2. Zahabiuon also contends that in light of his affidavit of indigency, the clerk of the trial court should not have required counsel to pay costs before preparing the record on appeal. This matter was neither raised in nor ruled upon by the trial court, however. Thus we do not consider it on appeal.[7]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

---

[3] *Period Homes v. Wallick*, 275 Ga. 486, 488 (2) (569 SE2d 502) (2002) (citations omitted).

[4] See *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 456 (442 SE2d 265) (1994).

[5] *Collections of Life &c. v. Gaston-Thacker, Gen. Partners*, 277 Ga. App. 402, 403 (626 SE2d 827) (2006) (footnote omitted).

[6] See *Southmark*, supra (affirming grant of summary judgment concerning unliquidated tort claim).

[7] See *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993).

DECIDED AUGUST 10, 2006 —

*S. Robert Hahn, Jr., George L. Kimel*, for appellant.
*David R. Dolinsky*, for appellee.