A09A1828. MANN v. HARDAWAY et al.
(691 SE2d 612)

BERNES, Judge.

We granted this interlocutory appeal to address whether the trial court erred in denying summary judgment to defendant Theo Mann, trustee of the bankruptcy estate of Gina Darlene Parker. According to Mann, the trial court should have ruled that he was entitled to assert the defense of Parker's discharge in bankruptcy and thereby bar the plaintiffs' tort claims against the estate. Because we conclude that Mann was judicially estopped from raising the discharge defense, we affirm.

The present case involves a tangled web of proceedings in federal bankruptcy court and state court. In September 2004, an automobile collision occurred between Gina Darlene Parker and Seles Hardaway. The following year, Parker filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy

Court for the Northern District of Georgia. Parker did not list Hardaway as a creditor in her bankruptcy petition. The bankruptcy court thereafter granted Parker a discharge of her pre-petition debts and closed the bankruptcy case.

Hardaway and her husband subsequently filed a negligence suit stemming from the automobile accident in the State Court of Coweta County (the "State Litigation").[1] Parker answered and asserted that the Hardaways' tort claims were barred by her discharge in bankruptcy.

The Hardaways later filed a motion in the bankruptcy court to reopen Parker's bankruptcy case so that they could file a proof of claim arising from the automobile accident. The bankruptcy court granted the motion, appointed Theo Mann as trustee of the estate, and lifted the automatic stay so that the State Litigation could proceed forward.

After Mann was appointed trustee of Parker's bankruptcy estate, the state court substituted Mann for Parker as the proper party defendant in the State Litigation on the basis that Mann was the real party in interest. Mann then requested that Progressive Insurance Company, the insurer of Parker, indemnify and defend the estate against the Hardaways' tort claims. Progressive agreed to defend the estate in the State Litigation under a reservation of rights. At the same time, however, Progressive filed a declaratory judgment complaint in superior court against the Hardaways and Mann seeking a declaration that it was not obligated to provide a defense to the estate against the Hardaways' tort claims (the "Progressive Litigation"). Among other things, Progressive sought a declaration that it was not obligated to defend Mann in the State Litigation because Parker's bankruptcy discharge relieved the estate of paying any claims arising out of the automobile accident.

The Progressive Litigation was removed to federal bankruptcy court, and Mann answered the declaratory judgment complaint by denying that the bankruptcy discharge operated as alleged by Progressive. Mann also moved to dismiss Progressive's complaint for failure to state a claim upon which relief could be granted. Mann argued that the discharge of a debtor does not bar claims against the debtor's bankruptcy estate, and, therefore, that Progressive was not relieved of its obligation to defend the estate in the State Litigation.

The bankruptcy court agreed with Mann and dismissed Progressive's complaint for failure to state a claim. In its dismissal order, the bankruptcy court concluded as a matter of law that Progressive had

---

[1] Hardaway's husband asserted a claim for loss of consortium.

a duty to defend the estate with regard to the Hardaways' tort claims.

In the ensuing State Litigation, Mann moved for summary judgment against the Hardaways. In contrast to his position taken in the Progressive Litigation, Mann argued that Parker's bankruptcy discharge barred the Hardaways' tort claims against the estate. The Hardaways responded that Mann was precluded from raising the bankruptcy discharge defense based upon the doctrines of judicial estoppel and res judicata. The Hardaways further argued that Mann's position was substantively incorrect in that while a bankruptcy discharge bars recovery against a debtor personally, it does not prevent a creditor from satisfying a claim out of the assets remaining in a debtor's bankruptcy estate.

After receiving multiple briefs from the parties and hearing oral argument, the trial court denied Mann's motion for summary judgment, but granted a certificate of immediate review. We granted Mann's application for interlocutory appeal, and this appeal followed.

We conclude that the trial court properly denied summary judgment to Mann based upon the doctrine of judicial estoppel. See *Groover v. Johnston*, 277 Ga. App. 12, 17 (2) (625 SE2d 406) (2005) (denial of summary judgment will be affirmed if right for any reason). Judicial estoppel is an equitable doctrine that "precludes a party from asserting in a judicial proceeding a position inconsistent with a position successfully asserted by it in a prior proceeding." *Buchan v. Lawrence Metal Products*, 270 Ga. App. 517, 518 (1) (607 SE2d 153) (2004). See also *Goddard v. City of Albany*, 285 Ga. 882, 885 (2) (684 SE2d 635) (2009); *Nelson & Hill, P. A. v. Wood*, 245 Ga. App. 60, 63 (1) (537 SE2d 670) (2000).

> [T]he essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine does not require reliance or prejudice before a party may invoke it.

(Citations and punctuation omitted.) *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). See also *Battle v. Liberty Mutual Fire Ins. Co.*, 276 Ga. App. 434, 435-436 (623 SE2d 541) (2005). Three factors are relevant in determining whether the doctrine of judicial estoppel should be applied against a party: (1) whether the party's current position is clearly inconsistent with a prior position; (2) whether the party has persuaded a court to

accept the prior inconsistent position; and (3) whether the party will be in a position to derive a benefit or an unfair advantage as a result of the inconsistency. See *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765, 766-767 (573 SE2d 58) (2002); *Pechin v. Lowder*, 290 Ga. App. 203, 204 (659 SE2d 430) (2008). We review a trial court's application of judicial estoppel only for an abuse of discretion. *Zahabiuon v. Automotive Finance Corp.*, 281 Ga. App. 55, 56 (1) (635 SE2d 342) (2006).

The trial court did not abuse its discretion under the circumstances here. Mann's prior position regarding the discharge defense in the Progressive Litigation was clearly inconsistent with his current position in the State Litigation. Furthermore, Mann successfully persuaded the bankruptcy court in the Progressive Litigation to accept his prior inconsistent position when it dismissed Progressive's complaint for failure to state a claim.[2] Finally, if allowed to take inconsistent positions as to the applicability of the discharge defense, Mann would be able to obtain the benefit and unfair advantage of having a third-party insurer now subsidize a defense that Mann previously disclaimed when seeking to obtain coverage from that insurer. Accordingly, the trial court was authorized to conclude that Mann should be judicially estopped from taking an inconsistent position regarding the discharge defense in the State Litigation. See generally *Carter v. Carter*, 244 Ga. 670, 671 (1) (261 SE2d 619) (1979); *Seaman v. Ratteree*, 231 Ga. 482, 484 (202 SE2d 454) (1973); *Saturday v. Saturday*, 224 Ga. 236, 239 (161 SE2d 509) (1968); *Cincinnati Ins. Co. v. MacLeod*, 259 Ga. App. 761, 766 (4) (b) (577 SE2d 799) (2003). The trial court, therefore, committed no error in denying Mann's motion for summary judgment.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2010.

*Hicks, Casey & Foster, William T. Casey, Jr.*, for appellant.
*Benjamin H. Terry*, for appellees.

---

[2] In arguing that the bankruptcy court did not accept his prior inconsistent position on the discharge issue, Mann focuses on a separate order entered by that court on the same day as the order dismissing Progressive's complaint. The separate order relied on by Mann, however, sought only to clarify the effect of the lifting of the automatic bankruptcy stay on the State Litigation. Irrespective of that separate order, it is clear that the bankruptcy court dismissed Progressive's complaint based upon its acceptance of Mann's argument that the discharge of a debtor does not bar claims against the debtor's bankruptcy estate.