**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 19, 2013**

# In the Court of Appeals of Georgia

 A13A1643. DANIEL v. FULTON COUNTY.

McFADDEN, Judge.

Karen Daniel filed a complaint for damages against Fulton County, asserting a claim of inverse condemnation. The trial court dismissed the complaint on the ground that Daniel had filed for bankruptcy without disclosing the claim and was therefore precluded from pursuing it by the doctrine of judicial estoppel. Daniel appeals, challenging the dismissal of her complaint. Because the trial court failed to consider whether, under the circumstances, Daniel would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped, we vacate the order of dismissal and remand.

We conduct a de novo review of a trial court's ruling on a motion to dismiss. *National Bldg. & Maintenance Specialists v. Hayes*, 288 Ga. App. 25 (653 SE2d 772)

(2007). The record here shows that in December 2009, Daniel served ante litem notice on Fulton County that she was seeking nearly $1 million in damages arising from alleged sewage spills on her property. In April 2010, she filed a petition for Chapter 7 bankruptcy protection. She did not include the potential claim for damages in the petition. In August 2010, she filed suit against the county and did not amend her bankruptcy petition to report the claim for damages. In August 2012, while considering a defense motion for summary judgment, the trial court asked the parties to submit briefs as to the effect of the bankruptcy proceeding on the instant action. Daniel filed her brief in October 2012, and stated that she had immediately begun taking steps to reopen the bankruptcy case to amend the schedules. On January 4, 2013, the last business day of its November 2012 term, see OCGA § 15-6-3 (3), the trial court entered an order of dismissal, concluding that because Daniel had "failed to produce evidence that she has taken action to re-open her bankruptcy, . . . [she] is judicially estopped from pursuing her claim in the instant litigation."

Daniel filed a motion for reconsideration. In support of the motion, she attached a copy of her motion to reopen the bankruptcy case that had been filed in December 2012, and a copy of the bankruptcy court order that had been entered 10 days after the trial court's dismissal order, granting the motion and reopening

2

Daniel's bankruptcy case. But as the trial court had entered its order on the last day of the term, it would not have been authorized to grant the motion for reconsideration. See *Paine v. Nations*, 301 Ga. App. 97, 100 (2) (686 SE2d 876) (2009). Daniel filed her notice of appeal from the dismissal order before the trial court entered any ruling on her motion for reconsideration.

> Judicial estoppel is an equitable doctrine that prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. The doctrine is commonly used in civil actions to preclude a bankruptcy debtor from pursuing a damages claim he failed to include among his assets in his petition seeking bankruptcy relief.

*Vojnovic v. Brants*, 272 Ga. App. 475, 476 (1) (612 SE2d 621) (2005) (citations and punctuation omitted). "This equitable doctrine is invoked by a court at its discretion, and [is] intended to prevent abuse of the judicial process." *Period Homes, Ltd. v. Wallick*, 275 Ga. 486, 488 (2) (569 SE2d 502) (2002). In exercising such discretion, a court's

3

determination [of] whether judicial estoppel bars a claim depends on three factors: First, the party's later position must be clearly inconsistent with its earlier position. Second, the party must have succeeded in persuading a court to accept the party's earlier position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations. And third, a court must consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Zahabiuon v. Automotive Finance Corp.*, 281 Ga. App. 55, 57 (1) (635 SE2d 342) (2006 (citation omitted).

In this case, the trial court listed four specific factors that it had considered, which encompassed the first two factors listed above. However, the trial court did not list the third factor and apparently did not consider whether Daniel would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Rather, the crux of the trial court's order was its determination that the lack of evidence that Daniel had taken steps to reopen the bankruptcy mandated application of the doctrine of judicial estoppel to bar her claim. Accordingly, the order of dismissal is vacated and the case remanded with direction that the trial court consider all pertinent factors, including whether Daniel would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

The dissent contends that this conclusion "ignores the well-settled principle that we will not presume the trial court committed error where that fact does not affirmatively appear." (Citation and punctuation omitted.) On the contrary, our conclusion is consistent with that principle because the trial court's error does in fact affirmatively appear in its order. As explained above, that order expressly listed the factors considered by the trial court, and it plainly shows that the trial court failed to consider the critical factor of whether Daniel would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Where, as here, it appears from the trial court's stated explanation for its ruling that it engaged in an incomplete exercise of discretion based on an erroneous theory of law, the proper remedy from this court is to remand the case to the trial court for its full consideration of the appropriate factors. See *Total Car Franchising Corp. v. Squire*, 259 Ga. App. 114, 117 (1) (576 SE2d 90) (2003); *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 770 (3) (525 SE2d 123) (1999) (where incomplete exercise of discretion based on erroneous theory of law, judgment vacated and case remanded with direction for trial court to consider proper test).

It is true, as the dissent notes, that the able trial judge was not required to explain his decision. If he had been trying merely to insulate himself from reversal,

5

he could have simply refused to fully explain his ruling. He opted instead for candor and transparency, which aim at the higher goals of a correct and just result.

*Judgment vacated and case remanded with direction. Phipps, C. J., concurs. Barnes, P. J., Ellington, P. J. and Doyle, P. J. concur. Boggs and Branch, J J., dissent.*

A13A1643. DANIEL v. FULTON COUNTY.

Boggs, Judge, dissenting.

I believe that a remand is not appropriate in this case because there is no indication that the trial court failed to consider the three factors of *Zahabiuon v. Automotive Finance Corp.*, 281 Ga. App. 55 (635 SE2d 342) (2006), the court was not required to make any findings regarding these factors, and in any case the factors are merely advisory. I would therefore address the merits and affirm the trial court's ruling. For these reasons, I respectfully dissent.

1. The majority concludes that we should remand this case for the trial court to consider whether Daniel would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[1] It arrives at this conclusion

---

[1]The majority relies upon the factors set forth in *Zahabiuon*, supra:
First, the party's later position must be clearly inconsistent with its earlier position. Second, the party must have succeeded in persuading a court to accept the party's earlier position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk

reasoning that "the trial court did not list the third factor" and "*apparently* did not consider" it, because what it did consider encompassed only two of the above factors. (Emphasis supplied.) But such a conclusion ignores the well-settled principle that we "will not presume the trial court committed error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Green v. SunTrust Banks*, 197 Ga. App. 804, 807 (3) (399 SE2d 712) (1990).

The court's order did not impliedly list two of these three factors and omit the third as the majority suggests; rather, it listed facts and concerns that the court considered in "weighing the inequities of th[e] situation." There is no indication that the trial court based its ruling on an erroneous legal theory, and "there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." *Ward v. Swartz*, 285 Ga. App. 788, 789 (1) (648 SE2d 114) (2007); see *Green*, supra ("[t]he trial judge is presumed to know the law and presumed to

---

of inconsistent court determinations. And third, a court must consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

(Citation and footnote omitted.) Id. at 57 (1).

2

faithfully and lawfully perform the duties devolving upon [the court] by law." (Citations and punctuation omitted.)); see also, e.g., *Smalls v. Walker*, 243 Ga. App. 453, 455 (532 SE2d 420) (2000) ("Although the term judicial estoppel is not explicitly mentioned in the order, it is clear that the trial court relied on that doctrine in awarding summary judgment to the defendants.") The trial court cited the applicable law and concluded that Daniel was judicially estopped, and we cannot assume that it failed to consider the above three factors in doing so.

Moreover, the United States Supreme Court has explained that in setting forth these factors, it did not "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *New Hampshire v. Maine*, 532 U. S. 742, 750 (I) (121 SCt 1808, 149 LEd2d 968) (2001); see *IBF Participating Income Fund v. Dillard-Winecoff*, 275 Ga. 765, 766-767 (573 SE2d 58) (2002). The high court held further that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," and that it was simply observing that these three factors "firmly tip the balance of equities in favor of barring [the particular] complaint" before it. Id.

3

Based on the above, we should not require the trial court to make specific findings with regard to the three merely advisory factors when the court may determine that other considerations would be more applicable to the particular facts of the case. These three factors simply cannot overshadow the clear purpose of judicial estoppel: "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. [Cit.]" *IBF Participating Income Fund*, supra, 275 Ga. at 766.

The trial court is not required to list all things it considered, and it may have considered other factors. And an assumption that the court failed to consider any factor eviscerates the presumption of regularity. To remand in this case would have the effect of requiring the trial court to make findings of fact and conclusions of law when determining whether judicial estoppel applies to bar an action. I find no such requirement under our body of law. Even on a motion to dismiss, the trial court is not required to make specific findings and conclusions.[2] See, e.g., OCGA § 9-11-52 (b). And in a nonjury trial, the court is required to do so only upon request. See OCGA § 9-11-52 (a); see also *Sevostiyanova v. Tempest Recovery Svcs.*, 307 Ga. App. 868,

---

[2] There are certain exceptions that are not applicable here. See OCGA §§ 9-11-52 (b) and 9-11-41 (b).

4

875 (5) (705 SE2d 878) (2011). I agree with the majority that the trial judge opted for candor and transparency in this case; but a remand under these circumstances would discourage judges from providing any explanation and would result in boilerplate orders that provide no insight into the law applied. A remand to consider a particular factor is simply not required where the factors guiding the trial court are merely advisory. And we cannot presume that because a judge elects to include *some* factors it considered that that is necessarily an exhaustive list of all that was considered.

For these reasons, I believe that a remand is not appropriate in this case.

2. I would also affirm the trial court's dismissal of Daniel's complaint. As found by the trial court, Daniel served her ante litem notice on Fulton County in December 2009, and in April 2010 filed a Chapter 7 bankruptcy petition that did not include the potential claim for damages. She filed suit against Fulton County in August 2010, and did not amend her bankruptcy petition to include the claim. In August 2012, the trial court requested the parties to submit briefs on the effect of the bankruptcy on Daniel's action, and in response Daniel filed a brief stating that she had begun taking steps to reopen the bankruptcy. But on the last day of the term, January 4, 2013, the trial court dismissed the action, finding that Daniel was judicially

5

estopped because she failed to produce evidence that she had taken action to reopen the bankruptcy.

Under these circumstances, the trial court did not abuse its discretion in concluding that Daniel was judicially estopped and in dismissing her claim against the county. See *Zahabiuon*, supra, 281 Ga. App. at 57 (1) (representation of no outstanding claims against others in bankruptcy court barred later claim for damages for conversion); *Smalls*, supra, 243 Ga. App. at 457 (3) (affirming dismissal of personal injury claim based upon plaintiff's failure to submit evidence showing bankruptcy plan was amended to include personal injury claim).

I would therefore affirm the trial court's dismissal of Daniel's complaint.

I am authorized to state that Judge Branch joins in this dissent.