**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 11, 2014

# In the Court of Appeals of Georgia

A14A0609. MORGAN v. FORDHAM.

BOGGS, Judge.

Following the January 2005 divorce of Venus Morgan and David Fordham, Morgan was awarded sole physical custody of the couples' children and jointly shared legal custody of the children with Fordham. In 2013, the trial court determined that it was in the children's best interest to give Fordham physical custody of the children, and Morgan appeals.[1] Because it appears from the trial court's order that it modified custody based upon an erroneous theory of law, we vacate the trial court's order and remand this case to the trial court for consideration of all factors required to modify custody.

---

[1] At time of the hearing, the children were 13 and 10.

On February 22, 2012, Fordham filed a petition for modification of custody in which he alleged a substantial change in circumstances and specifically contended that Morgan used corporal punishment inappropriately, had put the eldest minor child out of the home on several occasions, and that Morgan's new husband was incarcerated and would be residing in the same home with the children upon his release. On December 5, 2012, Fordham filed a motion for contempt and amended his custody modification petition. Fordham complained that Morgan was in contempt of the divorce decree in that she had willfully denied him visitation with his children, and also alleged that Morgan had medically neglected the oldest child.

On April 22, 2013, the trial court held a hearing and afterward entered an order stating that "[a]fter considering the evidence, including the guardian ad litem's report, and the law, this Court finds that it is in the best interest of the parties' minor children for Mr. Fordham to have sole physical custody." The trial court also ordered Morgan to pay child support, and further ordered that the children were not to visit Morgan's current husband in prison, or upon his release "be around this man at any time, unless this Court modifies this provision in an order." Nowhere in the trial court's order, however, does it refer to the legal requirement for material changes in conditions and circumstances substantially affecting the interest and welfare of the child. See *Todd v.*

2

*Casciano*, 256 Ga. App. 631, 632-633 (1) (569 SE2d 566) (2002); OCGA § 19-9-3 (b). Nor does it make any factual findings regarding such material changes.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. If the record contains any reasonable evidence to support the trial judge's decision on a petition to change custody, it will be affirmed on appeal. Although trial courts have wide discretion in change of custody proceedings, that discretion is not without limits.

(Citations and footnotes omitted.) *Durham v. Gipson*, 261 Ga. App. 602, 605 (1) (583 SE2d 254) (2003).

Although Morgan complains on appeal[2] that the trial court did not make any factual findings supporting the change in custody, unless requested by either party, the judge is not required to include factual findings in its order, and it does not appear that

---

[2] We note that Morgan attached several exhibits to her appellate brief, including a "Notarized Child Support Arrearage Statement." But pursuant to Court of Appeals Rule 24 (g), "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal." As this document was not certified by the clerk of the trial court as part of the appellate record, we can cannot consider it on appeal. See *Gateway Atlanta Apts. v. Harris*, 290 Ga. App. 772 n.1 (660 SE2d 750) (2008).

either Morgan or Fordham asked for such findings. See *Weickert v. Weickert*, 268 Ga. App. 624, 629 (2) (602 SE2d 337) (2004); OCGA § 19-9-3 (a) (8) ("If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge.") Even in the absence of such a request, however, existing precedent requires that we vacate the trial court's order.

In *Johnson v. Hubert*, 175 Ga. App. 169 (333 SE2d 21) (1985), we addressed a similar order and wrote:

> In the case sub judice, as reflected in the trial court's findings of fact and conclusions of law, the trial court awarded custody of the child to the plaintiff father solely upon the conclusion that it was in the "best interest and welfare of the child" without first finding "a change in material conditions or circumstances of the parties or the child, subsequent to the original decree of divorce and award of custody." Although the evidence presented in the trial court may have been sufficient to support a change of custody (of which we cannot make a determination in the absence of a transcript), it appears that the trial court failed to apply the complete correct legal standard in this case. Accordingly, we must reverse the judgment in the case and remand to the trial court for proceedings consistent with this opinion.

4

Id. at 170 (1). Likewise, though in a different factual context, this court vacated a trial court's order dismissing a plaintiff's complaint based upon the doctrine of judicial estoppel, because the trial court's order did not list one of the factors that can be used to apply the doctrine of judicial estoppel. *Daniel v. Fulton County*, 324 Ga. App. 865 (752 SE2d 1) (2013). We explained that "[w]here, as here, it appears from the trial court's stated explanation for its ruling that it engaged in an incomplete exercise of discretion based on an erroneous theory of law, the proper remedy from this court is to remand the case to the trial court for its full consideration of the appropriate factors. [Cits.]" Id. at 867.

The dissent in *Daniel* by the author of this opinion advocated against returning a case to the trial court when the record fails to establish that the trial court *affirmatively* ruled based upon an erroneous legal theory. Id. at 868-870 (1). While we believe that the presumption of regularity should be applied to affirm an order that merely fails to discuss a portion of an applicable legal standard, this view did not prevail in *Daniel*. We therefore are bound to apply the majority's decision in *Daniel* to the case now before us.

We take this opportunity, however, to question once again the wisdom of this court's position that a trial court's order should be vacated based upon what is *not*

5

contained within the trial court's order. This position fails to recognize this court's obligation to apply the presumption of regularity on appeal, discourages a trial court from providing any explanation of its reasoning to the parties, and encourages the issuance of boilerplate one-sentence orders.

*Judgment vacated and case remanded with direction. Branch, J., concurs. Barnes, P. J., concurs in judgment only.*